**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Blake E. JOINER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 2013.

Filed May 21, 2013.

Blake E. Joiner, appellant, pro se.

William A. Shaw, Jr., Assistant District Attorney, Clearfield, for appellee.

BEFORE: STEVENS, P.J., BOWES, J., and MUSMANNO, J.

OPINION BY STEVENS, P.J.

Blake E. Joiner, Jr. (hereinafter "Appellant") appeals *pro se* from the trial court's Order entered on August 7, 2012, in the Court of Common Pleas of Clearfield County. Upon our review of the record, we affirm.

This matter arises as a result of Appellant's having been charged under two Bills of Information: 97–390 and 97–391. On Bill 97–390, Appellant was charged with 35 counts each of Rape, Statutory Rape and related offenses which stemmed from allegations of sexual contact between his stepdaughter and him occurring between August 1994 and May 1995.[1] On Bill 97–391, Appellant was charged with 76 counts each of Rape, Statutory Sexual Assault and re-

lated charges.[2] These charges were based upon similar allegations occurring between June 1995 and March 1997. On December 23, 1997, the Bills were consolidated for trial, and on January 5, 1998, the Commonwealth *nolle prossed* 35 counts of Rape and 35 counts of Statutory Rape. On April 23, 1998, Appellant entered into a plea agreement with the Commonwealth and pled guilty to three counts of Rape and five counts of Corruption of Minors from the original 390 Bill of Information.[3] Appellant also pled guilty to two counts of Rape and five counts of Corruption of Minors from the 391 Bill of Information. All of the remaining charges were *nolle prossed* as part of the plea agreement.

On August 8, 2011, Appellant filed a motion for expungement wherein he sought the expungement of the 35 counts each of Rape and Statutory Rape that he stated had been *nolle prossed* in January 1998. The trial court dismissed the motion as an untimely PCRA petition on September 14, 2011, and Appellant filed a timely *pro se* appeal.

In a Memorandum decision filed on June 19, 2012, a panel of this Court noted that a motion for expungement is not a claim contemplated by the PCRA and, therefore, the trial court had erred as a matter of law in dismissing Appellant's motion as an untimely PCRA petition. *Commonwealth v. Joiner*, No. 1561 WDA 2011, unpublished memorandum at 3–4, 53 A.3d 934 (Pa.Super. filed June 19, 2012). We proceeded to analyze the substance of Appellant's claim and observed that he was entitled to have his petition to expunge the records of arrests terminated without convictions evaluated according to the factors set forth in

---

1. 18 Pa.C.S.A. §§ 3121 and 3122 (repealed March 31, 1995, effective in 60 days), respectively.

2. 18 Pa.C.S.A. §§ 3121 and 3122.1, respectively.

3. 18 Pa.C.S.A. § 6301.

*Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981). We further noted that in its brief, the Commonwealth had agreed that Appellant was entitled to a *Wexler* hearing as to the charges *nolle prossed* on January 6, 1998; however, we stated that pursuant to *Commonwealth v. V.G.*, 9 A.3d 222, 225–26 (Pa.Super.2010), Appellant was not entitled to a *Wexler* hearing regarding the expungement of the charges *nolle prossed* as part of the plea agreement entered on April 23, 1998. *Id.* at 5–6. As such, we vacated the trial court's Order and remanded the matter to the trial court to "schedule a hearing on the 70 charges *nolle prossed* in January 1998, prior to the plea agreement." *Id.* at 6.

A *Wexler* hearing was never held. Rather, the trial court entered its Order of August 7, 2012, which reads as follows:

AND NOW, this 7th day of August, 2012 upon consideration of [Appellant's] MOTION FOR COURT APPOINTED ATTORNEY ON APPEAL and MOTION TO PROCEED INFORMA PAUPERIS ON APPEAL it is the ORDER of this [c]ourt that said Motions be DISMISSED as MOOT.

Consistent with the decision of the Superior Court of Pennsylvania, No. 1560 WDA 2011, [Appellant's] request to expunge charges *nol[le] prossed* as part of his plea agreement entered on April 23, 1998 is hereby DENIED and as [Appellant] is not entitled to a *Wexler* hearing on those charges, no such hearing is scheduled.

The [c]ourt notes the Commonwealth has no opposition to the expungement of 32 counts of Rape [1], and the 35 counts of Statutory Rape *nol[le] prossed* in January 1998, prior to [Appellant's] plea agreement of April 23, 1998. For this reason no *Wexler* hearing is scheduled

on those counts and said counts are hereby ORDERED EXPUNGED.

[1] The Superior Court of Pennsylvania referenced 35 counts of rape in their [sic] non-Precedential Decision on this matter. [Appellant] was charged with 35 counts of rape, 32 of which were *nol[le] prossed* in January of 1998. [Appellant] pled guilty to the remaining 3 charges of rape.

On August 30, 2012, Appellant filed his *pro se* "Petition for Writ of Habeas Corpus and Release from Custody" which was treated as a notice of appeal. The trial court ordered Appellant to file a concise statement of the matters raised on appeal on September 14, 2012, and Appellant filed the same on September 25, 2012. In a letter addressed to the Deputy Prothonotary of this Court dated September 24, 2012, and filed September 25, 2012, the trial court indicated that it would not be submitting any further Opinion in this matter.

In his brief, Appellant raises the following issues for our review:

1. DID THE TRIAL COURT ABUSE ITS DISCRETION, BY NOT HOLDING A WEXLER HEARING FOR ALL SEVENTY (70) CHARGES OF RAPE RELATED CHARGES, NOLLE PROSSED IN JANUARY 05, 1998, BY THE HONORABLE JUDGE JOHN K. REILLY, AS THEY WERE ORDERED TO–DO, BY THE HONORABLE SUPERIOR COURT IN THEIR DECISION AND ORDER OF: JUNE 19, 2012.

2. DID THE TRIAL COURT, ABUSE ITS DISCRETION WHEN A MOTION WAS PUT BEFORE THEM AND NOT CORRECTING A PRIOR SENTENCING ERRS [SIC] BY THE COMMONWEALTH, BY, SENTENCING APPELLANT FOR THE THIRD (3RD) TIME TO CHARGES, THAT WERE COM-

PLETELY–SERVED, ON june 05, 1999, RESENTENCING HIM TO FIVE (5) YEARS PROBATION ON JUNE 15, 1999 AND AGAIN ON: JULY 18, 2000 TO CONSECUTIVE PROBATION ON DOCKET: 97–390–CRA. ALSO, SENTENCING APPELLANT TO: TWENTY (20) YEARS, CONSECUTIVE PROBATION, ON "DOCKET:97–391–CRA, ON JUNE 05, 1999, WHICH IS ALSO AN ILLEGAL SENTENCE, BY INVOKING [SIC] THE DOUBLE JEOPARDY RULE, AND: 42 Pa.C.S.A., Section 9721 and PENNSYLVANIA CONSTITUTIONAL RIGHTS AND PENNSYLVANIA CASE–LAW."

3. DID THE TRIAL COURT ABUSE ITS DISCRETION BY FORCING APPELLANT INTO A COERCED AND FRAUDULENT, PLEA AGREEMENT, WHILE APPELLANT WAS HAVING ADVERSE EFFECTS AND DIMINISHED MENTAL STATE FROM PSYCHOTIC DRUGS BEING ADMINISTERED BY: COUNTY PRISON GUARDS, ILLEGALLY, PRIOR-TO ALL COURT APPEARANCES, WHICH IS ILLEGAL BY FEDERAL–DRUG–LAWS AND, DENIED CONSTITUTIONAL RIGHTS AND DUE PROCESS OF LAW.[4]

Brief for Appellant at 8.

■ Appellant first maintains that the trial court failed to follow this Court's directive to conduct a *Wexler* hearing in order to determine whether all seventy charges *nolle grossed* in January of 1998, prior to the plea agreement, should be expunged. In our prior Memorandum,

this Court acknowledged that Appellant had plead guilty to three counts of Rape and five counts of Corruption of Minors from the 390 Bill of Information and pled guilty to two counts of Rape and five counts of Corruption of Minors from the 391 Bill of Information and "[a]s part of the plea agreement, all other charges were *nolle grossed." Commonwealth v. Joiner,* No. 1561 WDA 2011, 53 A.3d 934, unpublished memorandum at 3 (Pa.Super. filed June 19, 2012).

When the defendant pleads guilty and the Commonwealth agrees to dismiss charges as part of the plea agreement, a defendant is normally not entitled to expungement of the dropped charges under the *Wexler* factors. *Commonwealth v. Lutz,* 788 A.2d 993 (Pa.Super.2001). In such a scenario, the Commonwealth dismisses charges in connection with a plea arrangement and, accordingly, there is no implicit or express admission that it lacks evidence to convict a defendant of the crimes. The action of dropping the charges is viewed as a contractual arrangement negotiated as part of the plea bargain. *Id.* This situation is contrasted with that involved in the *nol pros* setting, where the Commonwealth concedes that there is insufficient evidence to support the dismissed charges. *Id.* Thus, if expungement were permitted as to charges withdrawn pursuant to a plea bargain rather than due to a lack of evidence, there would not be an accurate record of the agreement reached by the defendant and the Commonwealth. *Id.* Furthermore, "In the absence of an agreement as to expungement, Appellant stands to receive more than he bargained for in the plea agree-

---

4. Appellant randomly placed quotation marks within his statements which we have omitted for ease of reading.

ment if the dismissed charges are later expunged." *Id.* at 1001. *But see Commonwealth v. A.M.R.*, 887 A.2d 1266 (Pa.Super.2005) (where charges of theft and misapplication of entrusted property were dropped after defendant agreed to resign from his job, defendant's arrest record was ordered to be expunged); *Matter of Pflaum,* 305 Pa.Super. 600, 451 A.2d 1038 (1982) (before the district justice, Commonwealth dropped charges of burglary, trespass, and theft and defendant pleaded guilty to disorderly conduct; defendant was entitled to have record of withdrawn charges expunged). In applying *Lutz* and *Wexler* in the plea agreement setting, we have had occasion to remand to the trial court to make a clear record as to whether charges were *nol prossed* based upon lack of evidentiary support or whether the charges were dropped in exchange for the plea. *See Commonwealth v. Hanna,* 964 A.2d 923 (Pa.Super.2009).

*Commonwealth v. V.G.,* 9 A.3d 222, 225–226 (Pa.Super.2010).

The Commonwealth has explained the events which occurred in January 1998 and April 1998 regarding the charges that had been brought against Appellant as follows:

> The best that [the Commonwealth] can determine is as follows. There were 35 counts each of Statutory Rape, Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, Indecent Assault and Corruption of Minors filed against Appellant at docket 97–390. R. 46a.R. 52a. There were 76 counts each of Rape, Statutory Sexual Assault, Aggravated Indecent Assault, Indecent Assault and Corruption of Minors filed against Appellant at docket 97–391. R. 53a.—R.58a. On January 5, 1998 (after the two cases had been consolidated), the lower court ordered *only to docket 97–390* that 35 counts of Rape and 35 counts of Statutory Rape were nolle prossed at the request of the Commonwealth. R. 2a. Following this Order, there no longer remained any charges of Statutory Rape at docket 97–390 (and there was never any charge of Rape at this docket). It is impossible at this juncture to determine the intent of the Commonwealth with the *nolle prosse* that was entered pursuant to its request. This makes it difficult to say with certainty that the error was that the order was entered to the wrong docket. However, since there were no charges of Rape at docket 97–390 and the Commonwealth was entering a *nolle prosse* with regard to both charges of Rape and Statutory Rape, it seems likely that the order was simply entered to the wrong docket (and should have been entered to 97–391 where there were more than 35 counts of both Rape and Statutory Rape). As well, Appellant entered a plea and was sentenced to three counts of Rape and five counts of Corruption of Minors at 97–390 and 2 counts of Rape at 97–391. With the *nolle prosse* order being entered to 97–390 this means that the plea was either written to the wrong charges (35 counts each of Involuntary Deviate Sexual Intercourse and Aggravated Indecent Assault still remained at this docket) or the parties at that time did not realize the error of the court which *nolle prossed* charges at the wrong docket. Nonetheless, Appellant entered a plea of guilt [sic] to three counts of Rape at 97–390 and this cannot be undone. Nor should it be, as there were a total of 76 counts of Rape charged against him at 97–391 and 35 counts of Statutory Rape at 97–390.

Commonwealth's Brief at 7–8 (emphasis in original).

◼ Upon our review of the record, we find that the Commonwealth's analysis is a sound one. The trial court could not expunge the three counts of Rape to which Appellant had plead guilty and upon which he had been sentenced. Indeed, in our Memorandum, this Court ordered only that the trial court hold a *Wexler* hearing on the charges *nolle prossed* in January 1998. Under *Wexler*, Appellant's request for expungement would have been evaluated according to certain factors enumerated by the Pennsylvania Supreme Court. Such factors include the strength of the Commonwealth's case against Appellant, any reasons the Commonwealth may provide for wishing to retain the records, Appellant's age, criminal record, and employment history, the length of time that has elapsed between his arrest and his filing of the petition to expunge, and the specific, adverse consequences he may endure should his petition be denied. *Wexler*, 431 A.2d at 879 (citation omitted). As such, had a *Wexler* hearing been held during which the Commonwealth opposed the expungement of the Rape and Statutory Rape counts that had been *nolle prossed* in January of 1998, Appellant would not necessarily have received the outcome he has already obtained.

The trial court expunged all charges that remained at Bill of Information 97–390 which had been ordered *nolle prossed,* and as the Commonwealth notes in its brief, "the directive of this Court to afford Appellant the opportunity to have these charges expunged has been fulfilled by the same grant of expungement." Common-

wealth's Brief at 8–9. In light of the foregoing, we affirm.[5]

Order affirmed.

---

5. We note that this Court's directive in our June 19, 2012, Memorandum dealt only with Appellant's request to have his record expunged. As such, Appellant's second and third issues raised in his brief are not properly before this Court, and we will not consider them herein.