J-S09035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BLAKE EDWARD JOINER, | |
| Appellant | No. 1328 WDA 2014 |

Appeal from the PCRA Order entered July 28, 2014,
in the Court of Common Pleas of Clearfield County,
Criminal Division, at No(s): CP-17-CR-0000390-1997
& CP-17-CR0000391-1997

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 11, 2015**

Blake Edward Joiner ("Appellant") appeals *pro se* from the order denying his untimely petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and protracted procedural history are as follows:

> This matter arises as a result of Appellant's having been charged under two Bills of Information: 97-390 and 97-391.  On Bill 97-390, Appellant was charged with 35 counts each of Rape, Statutory Rape and related offenses which stemmed from allegations of sexual contact between his stepdaughter and him between August 1994 and May 1995.  On Bill 97-391, Appellant was charged with 76 counts each of Rape, Statutory Sexual Assault and related charges.  These charges were based on similar allegations occurring between June 1995 and March 1997.  On December 2007, the Bills were consolidated for trial, and on January 5, 1998, the Commonwealth *nolle prossed* 35 counts of Rape and 35 counts of Statutory Rape.  On April 23, 1998, Appellant entered into a plea agreement with the Commonwealth and pled guilty to three counts of Rape

and five counts of Corruption of Minors from the original 390 Bill of Information. Appellant also pled guilty to two counts of Rape and five counts of Corruption of Minors from the 391 Bill of Information. All of the remaining charges were *nolle prossed* as part of the plea agreement.

***Commonwealth v. Joiner***, 68 A.3d 341, 342 (Pa. Super. 2013) (footnotes omitted).

Thereafter, the trial court sentenced Appellant at both bills of information to an aggregate term of five (5) years to life imprisonment pursuant to section 9794 of Megan's Law in effect at the time. Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on May 25, 1999, we recognized this Court's *en banc* decision in ***Commonwealth v. Halye***, 719 A.2d 763 (Pa. Super. 1998), which struck as unconstitutional section 9794 of Megan's Law. We therefore reversed Appellant's judgment of sentence and remanded for resentencing. ***Commonwealth v. Joiner***, 739 A.2d 558 (Pa. Super. 1999).

On remand, the trial court resentenced Appellant at both bills of information to an aggregate term of twenty-five (25) to one-hundred (100) years of imprisonment. In an unpublished memorandum filed on April 4, 2000, a divided panel of this Court determined that the trial court improperly increased Appellant's minimum sentence without adequate explanation. Once again, we reversed Appellant's judgment of sentence and remanded for resentencing. ***Commonwealth v. Joiner***, 758 A.2d 721 (Pa. Super. 2000).

On subsequent remand, the trial court sentenced Appellant at both bills of information to an aggregate term of five (5) to twenty (20) years of imprisonment, and a consecutive twenty-five (25) year probationary term. Appellant did not file a direct appeal.

On July 11, 2001, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and the PCRA court held a hearing on the petition on September 16, 2003. By order entered July 2, 2004, the PCRA court denied post-conviction relief. Thereafter, Appellant successfully sought the withdrawal of PCRA counsel, and was permitted to proceed *pro se*. Appellant filed a timely *pro se* appeal to this Court. In an unpublished memorandum filed on January 24, 2005, we affirmed the PCRA court's order. ***Commonwealth v. Joiner***, 872 A.2d 1271 (Pa. Super. 2005). On July 12, 2005, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Joiner***, 879 A.2d 782 (Pa. 2005).

On September 28, 2006, Appellant filed a second PCRA petition. The Commonwealth filed a motion to dismiss this petition because of untimeliness, and the PCRA court, after appointing counsel for the purpose of determining whether Appellant's second PCRA petition was timely, held a hearing on November 22, 2006. By order entered May 2, 2007, the PCRA court dismissed Appellant's second petition. Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on February 14, 2008, this Court acknowledged the PCRA court's rejection of Appellant's newly-discovered evidence claim, and therefore affirmed the dismissal of

Appellant's second PCRA petition. ***Commonwealth v. Joiner***, 951 A.2d 1212 (Pa. Super. 2008).

On November 17, 2008, Appellant filed his third *pro se* PCRA petition, which the PCRA court dismissed as untimely. Appellant filed a timely *pro se* appeal to this Court. In an unpublished memorandum filed on August 21, 2009, we affirmed the PCRA court's order denying relief. ***Commonwealth v. Joiner***, 984 A.2d 1016 (Pa. Super. 2009). On June 2, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Joiner***, 996 A.2d 1067 (Pa. 2010).

Meanwhile, on August 28, 2009, Appellant filed a *pro se* motion to amend his first PCRA petition that he had filed on July 11, 2001. On September 4, 2009, the PCRA court, correctly treating Appellant's motion to amend as a fourth PCRA petition, denied relief. Appellant filed a timely *pro se* appeal to this Court. In an unpublished memorandum filed on May 28, 2010, this Court affirmed the dismissal of Appellant's fourth PCRA as untimely filed. ***Commonwealth v. Joiner***, 4 A.3d 210 (Pa. Super. 2010).

Undaunted, Appellant continued to seek post-conviction relief:

> On August 8, 2011, Appellant filed a motion for expungement wherein he sought the expungement of the 35 counts of Rape and Statutory Rape that he stated had been *nolle prossed* in January 1998. The trial court dismissed the motion as an untimely PCRA petition on September 14, 2011, and Appellant filed a timely *pro se* appeal.
>
> In a Memorandum decision filed on June 19, 2012, a panel of this Court noted that a motion for expungement is not a claim contemplated by the PCRA and, therefore, the

trial court had erred as a matter of law in dismissing Appellant's motion as an untimely PCRA petition. *Commonwealth v. Joiner*, [53 A.3d 934 (Pa. Super. 2012), unpublished memorandum at 3-4]. We proceeded to analyze the substance of Appellant's claim and observed that he was entitled to have his petition to expunge records of arrests terminated without convictions evaluated according to the factors set forth in *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981). We further noted that in its brief, the Commonwealth had agreed that Appellant was entitled to a *Wexler* hearing as to the charges *nolle prossed* on January 6, 1998, however, we stated that pursuant to *Commonwealth v. V.G.*, 9 A.3d 222, 225-26 (Pa. Super. 2010), Appellant was not entitled to a *Wexler* hearing as to the charges *nolle prossed* as part of the plea agreement entered on April 23, 1998. *Id.* at 5-6. As such, we vacated the trial court's Order and remanded the matter to the trial court to "schedule a hearing on the 70 charges *nolle prossed* in January 1998, prior to the plea agreement." *Id.* at 6.

*Joiner*, 68 A.3d at 342-43.

We further noted that the trial court never held a *Wexler* hearing, instead it issued an order on August 7, 2012, which read in pertinent part:

[***]

The [c]ourt notes the Commonwealth has no opposition to the expungement of 32 counts of Rape, and the 35 counts of Rape *nol[le] prossed* in January 1998, prior to [Appellant's] plea agreement of April 23, 1998. For this reason, no *Wexler* hearing is scheduled on those counts and said counts are hereby ORDERED EXPUNGED.

*Id.* at 343. The panel also referred to the trial court's footnote:

The Superior Court of Pennsylvania referenced 35 counts of rape in their [sic] non-Precedential Decision on this matter. [Appellant] was charged with 35 counts of rape, 32 of which were *nol[le]*

- 5 -

*prossed* in January of 1998. [Appellant] pled guilty to the remaining three charges of rape.

*Id.* On August 30, 2012, Appellant filed a *pro se* "Petition for Writ of Habeas Corpus and Release from Custody" which was treated as a notice of appeal.

With regard to the confusion over which charges had been *nolle prossed* at each bill of information, this Court adopted as "sound" the Commonwealth's explanation that the order which *nolle prossed* the thirty-five counts of rape in January 1998 "was simply entered to the wrong docket." *Id.* at 346. Thus, because "the trial court could not expunge the three counts of Rape to which Appellant had [pled] guilty and upon which he had been sentenced," we affirmed the trial court's order denying further relief. *Id.*

On June 5, 2014, Appellant filed a petition for "EXPUNGEMENT OF CHARGES, NOLLE PROSEQUI/DISMISSED/QUASHED" BY THE "REQUEST OF THE COMMONWEALTH" AND "RELEASE FROM ILLEGAL CUSTODY[.]" Within this petition, Appellant asserted that he is confined on charges that were "completely nolle prosequi" and "never reinstated to docket prior to sentencing." Petition, 6/5/14, at 5. According to Appellant, he should be released from custody because he is incarcerated on charges that "no-longer exist." *Id.* (emphasis deleted).

Treating Appellant's latest filing as a serial untimely PCRA petition, the PCRA court, on July 2, 2014, issued Pa.R.Crim.P. 907 notice of its intent to dismiss. Appellant filed a response on July 14, 2014. By order entered July

28, 2014, the PCRA court denied Appellant's petition. This timely *pro se* appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011 (Pa. Super. 2001).

Appellant first asserts that the PCRA court incorrectly treated his latest filing as a serial untimely PCRA petition. We disagree. As stated in this Court's 2013 decision, Appellant sought, and received, expungement of all charges to which he was entitled. **Joiner**, **supra**. To the extent Appellant is claiming he is serving an "illegal sentence" because the charges upon which he remains confined no longer exist, his claim falls entirely within the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(vii). Thus, we next consider whether the PCRA court properly determined that Appellant's latest PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation

omitted). If a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id*.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

In a prior appeal, this Court stated:

- 8 -

> [Appellant's] judgment of sentence was entered on July 18, 2000. Appellant had thirty days in which to file a direct appeal, at which point his judgment of sentence became final. **See** Pa.R.A.P. 903(a). Therefore, to be timely under section 9545(b)(1), the PCRA petition must have been filed by August 17, 2001[.]

***Joiner***, 984 A.2d 1016 (Pa. Super. 2009), unpublished memorandum at 3. As Appellant filed the instant petition on June 5, 2014, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. To the extent that Appellant is arguing he is serving an illegal sentence, we note, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Thus, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2015