J-S13012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHANIE MIDDLER, | |
| Appellant | No. 751 WDA 2014 |

Appeal from the Judgment of Sentence Entered March 4, 2014
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002145-2013

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 10, 2015**

Appellant, Stephanie Middler, appeals from the judgment of sentence of 12 to 24 months' incarceration, imposed after she pled guilty to escape, 18 Pa.C.S. § 5121.  On appeal, Appellant seeks to challenge her sentence. Additionally, her counsel, Ryan D. Gleason, Esq., has petitioned to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and amended in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we agree with counsel that Appellant's sentencing claims are frivolous.  Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Appellant pled guilty to the offense of escape on January 27, 2014. That charge stemmed from Appellant's failure to complete a court-ordered,

inpatient drug treatment program. On March 4, 2014, Appellant was sentenced to the term of incarceration stated *supra*. That term of imprisonment was imposed to run consecutively to a sentence Appellant was then serving in an unrelated case.

Two days after sentencing, Appellant filed a *pro se* petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546, raising, *inter alia*, claims that the court erred in imposing her sentence. On March 12, 2014, the court issued an order stating that it was considering Appellant's petition as a timely post-sentence motion for reconsideration of sentence.[1] After conducting a hearing on April 15, 2014, the trial court

_____

[1] To the extent that Appellant's petition set forth other post-conviction claims, such as ineffective assistance of counsel, the court dismissed those claims "as premature." Trial Court Order, 3/19/14. We see no error in the court's handling of this *pro se* filing, considering that the majority of the claims raised in Appellant's *pro se* PCRA petition involved challenges to the discretionary aspects of her sentence, and only one claim in that petition pertained to ineffective assistance of counsel. *See Commonwealth v. Lutz* 788 A.2d 993, 996 n.7 (Pa. Super. 2001) (holding that, generally, a filing that raises issues cognizable under the PCRA will be considered a PCRA petition, while a filing requesting relief outside the PCRA will not be so treated). Had the court treated that filing as a PCRA petition, Appellant's sentencing claims would have been waived based on her failure to raise them on direct appeal. *See* 42 Pa.C.S. § 9543(a)(3) (directing that to be eligible for PCRA, a petitioner must prove his claims were not waived); 42 Pa.C.S. § 9544(b) (stating "an issue is waived if the petitioner could have raised it but failed to do so … on appeal). Instead, under the procedure employed by the court, Appellant is receiving review of her discretionary aspects of sentencing claims, and may later raise her ineffective assistance of counsel claim in a timely-filed PCRA petition following the conclusion of this direct appeal.

denied Appellant's motion. She filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Therein, Appellant raised one claim: "The lower court abused its discretion in imposing a sentence of one to two years' imprisonment consecutive to the sentence [Appellant] was serving." Rule 1925(b) Statement, 5/27/14.

On October 1, 2014, Appellant's counsel, Attorney Gleason, filed with this Court a petition to withdraw and an **Anders** brief. "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or

(3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014). After confirming that counsel satisfied these requirements, this Court must then conduct its own review of the record and independently determine whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010).

Instantly, Attorney Gleason's *Anders* brief provides a detailed summary of the procedural history and facts of Appellant's case with citations to the record. It also includes a discussion of the sentencing issue(s) Appellant seeks to raise on appeal, and an explanation of Attorney Gleason's conclusion that an appeal on her behalf would be wholly frivolous. Attorney Gleason supports his rationale with citations to the record, as well as relevant case law. He has also certified in his petition to withdraw that he sent a copy of his *Anders* brief to Appellant, along with a letter advising Appellant of the rights enumerated in *Nischan,* 928 A.2d at 353.[2] Therefore, we conclude that Attorney Gleason has complied with the requirements for withdrawal. Accordingly, we will now independently review

_____

[2] Appellant did not file a *pro se* response to Attorney Gleason's petition to withdraw.

the merits of Appellant's assertions, and also determine whether there are any other issues she could arguably present on appeal.

We begin by discussing the sentencing claims presented by Appellant in her *pro se* post-sentence motion for reconsideration of her sentence. Therein, Appellant alleged that the court should have imposed concurrent sentences to allow her "to take advantage of the programs the community has to offer." Post-Sentence Motion (PCRA Petition), 3/6/14, at 4. Appellant further claimed that the court failed to fully consider the pre-sentence investigation (PSI) report and, instead, focused solely on her prior record and numerous arrests. *Id.* at 3.

Attorney Gleason summarizes these assertions in his ***Anders*** brief, stating that Appellant seeks to argue that her sentence is excessive because the court ignored her pleas for leniency and imposed a lengthy sentence to run consecutively to the sentence Appellant was then serving in an unrelated case. Attorney Gleason concludes that Appellant's claims do not constitute a substantial question – and, thus, are frivolous – because "the sentencing court followed the law by stating on the record its reasons for its sentence, [and] taking into account [Appellant's] numerous previous convictions and failed attempts at drug rehabilitation, which included her most recent conviction for leaving [a court-ordered treatment facility]." ***Anders*** Brief at 11. Attorney Gleason also notes that "the court's decision to run its sentence consecutive is clearly within its discretion and would not implicate a substantial question." ***Id.*** (citing ***Commonwealth v. Boyer***, 856 A.2d 149,

153 (Pa. Super. 2004) ("The imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court, and does not in and of itself even rise to the level of a substantial question.") (citation omitted)).

Even if we concluded that Appellant's claims *did* present a substantial question for our review, we would conclude that the court did not abuse its discretion in fashioning Appellant's sentence.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted)).

Here, contrary to Appellant's assertion in her post-sentence motion, the record indicates that the sentencing court reviewed the PSI report. ***See*** N.T. Sentencing, 3/4/14, at 8. Moreover, the court stated ample reasons for imposing Appellant's sentence, and for directing that it run consecutively to her sentence in an unrelated case. Namely, the court pointed out that Appellant was 44 years old and had 29 prior convictions. ***Id.*** at 4. The court stated that it had provided Appellant with "chance after chance after chance, program after program, [and] nothing took." ***Id.*** at 7. While Appellant asked the court for leniency and another "opportunity to show [the

- 6 -

court] that [she] can be a productive member of society[,]" the court stated that it had "heard the same song and dance" every time Appellant was before the court. *Id.* at 5, 7. Ultimately, the court imposed a standard range sentence, and directed that Appellant be transported to the state prison as soon as possible so she "can get into any treatment programs they can provide." *Id.* at 8.

Based on this record, the court did not abuse its discretion in imposing Appellant's sentence. Accordingly, we agree with Attorney Gleason that any challenge to the discretionary aspects of Appellant's sentence is frivolous. We also agree with Attorney Gleason's conclusion that Appellant did not receive an illegal sentence. *See Anders* Brief at 10. Namely, Appellant's maximum sentence of 24 months' incarceration does not exceed the statutory maximum for her offense of escape, which constitutes a second-degree misdemeanor. *See* 18 Pa.C.S. § 5121(d)(2) (grading the offense of escape as second-degree misdemeanor); 18 Pa.C.S. § 106(b)(7) (stating the maximum term of imprisonment for a second-degree misdemeanor is two years). Finally, our independent review of the record does not reveal any other claim(s) of arguable merit that Appellant could raise herein. Therefore, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Stabile joins the memorandum

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015