**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Chad LUTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 5, 2001.
Filed Nov. 21, 2001.

---

Chad Lutz, appellant, pro se.

Jason C. Glessner, Assistant District Attorney, Reading, for Com., appellee.

BEFORE: MUSMANNO, TODD, and ·KELLY, JJ.

KELLY, J.

¶ 1 Appellant, Chad Lutz, asks us to examine whether he is entitled to expungement of charges included in his criminal information, which the Commonwealth agreed to dismiss as part of a negotiated plea bargain in exchange for his guilty plea to one count of aggravated assault. We hold that under the circumstances of this case, Appellant is not entitled to expungement of the dismissed charges. Accordingly, we affirm the trial court's decision to deny Appellant the relief he requested.

¶ 2 The relevant facts and procedural history of this case are as follows. On March 28, 1998, the victim approached Appellant and twice pushed him to the ground. In an effort to get up and repel the victim, Appellant used a knife in his possession against the victim. The victim sustained serious knife wounds to his stomach and liver. The victim underwent surgery; his recovery was uneventful, with no lasting effects from the injury. As a result of this incident, Appellant was charged with one count of criminal attempt to commit homicide,[1] two counts of aggravated assault,[2] one count of simple assault,[3] one count of recklessly endangering another person,[4] and one count of possessing an instrument of crime.[5] Following a preliminary hearing, the court bound Appellant for trial on all charges.

¶ 3 Trial was scheduled to begin on April 13, 1999. Prior to trial, Appellant in-formed the court that he intended to enter a guilty plea pursuant to a plea bargain negotiated with the Commonwealth. In exchange for Appellant's guilty plea to one of aggravated assault at 18 Pa.C.S.A. § 2702(a)(4), the Commonwealth agreed to dismiss the remaining charges. The negotiated sentence was for two to five years' imprisonment. At the guilty plea colloquy, the court made all of the necessary inquiries. The court accepted Appellant's plea but deferred sentencing until receipt of the pre-sentence report. The remaining counts on the information were then dismissed pursuant to the plea agreement. On May 24, 1999, the court sentenced Appellant to the negotiated two to five years' imprisonment, noting Appellant's zero prior record score. The court also made Appellant eligible for boot camp. Appellant did not file a direct appeal.

¶ 4 On December 15, 1999, Appellant filed his first petition, *pro se,* under the Post Conviction Relief Act.[6] Appellant's trial counsel was permitted to withdraw, and the court appointed conflict counsel. New counsel subsequently filed a petition for leave to withdraw pursuant to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988), which the court granted. On February 29, 2000, the court notified Appellant of its intention to dismiss the PCRA petition without a hearing. On March 28, 2000. Appellant's PCRA petition was dismissed. Appellant did not appeal this decision.

¶ 5 Appellant next filed a *pro se* motion for expungement[7] on August 24,

---

1. 18 Pa.C.S.A. § 901(a) (related to § 2501).

2. 18 Pa.C.S.A. § 2702(a)(1), (a)(4).

3. 18 Pa.C.S.A. § 2701(a)(2).

4. 18 Pa.C.S.A. § 2705.

5. 18 Pa.C.S.A. § 907(b).

6. 42 Pa.C.S.A. §§ 9541–9546.

2000. The stated reason for his request to expunge the records relating to his arrest was the "dismissal of the related charges" as a consequence of his guilty plea. The trial court found that Appellant had not made a cognizable claim for expungement of the related charges, and ruled that Appellant was therefore ineligible for the relief requested. Accordingly, the court denied Appellant's motion without a hearing on August 29, 2000. This *pro se* appeal followed.

¶ 6 Appellant raises one issue for our review:

IS APPELLANT ENTITLED TO A DUE PROCESS HEARING FOR THE EXPUNGEMENT OF DISMISSED CHARGES 2501(a), 2702(a)(1), 2701(a)(2), 2705, AND 907(b) AND EXPUNGEMENT OF SAID ARRESTS WHERE RETENTION OF SUCH RECORDS WOULD PREJUDICE FUTURE EMPLOYMENT OF EQUITY RIGHTS, WHERE VESTED RIGHTS OF REPUTATION ARE AT ISSUE, WHERE SAID CHARGES WERE DISMISSED PRIOR TO PLEA AGREEMENT AND [THE] RECORD IS SILENT OF ANY OTHER AGREEMENT, NOTICE THEREOF OF CONTRACT WITH THE COMMONWEALTH, AND WHERE THERE WERE NEVER ANY MATERIAL FACTS TO SUBSTANTIATE CHARGE 2501(a) "CRIMINAL HOMICIDE" [SIC] WHEREFORE ALL SUCH ARREST CHARGES HAVE, DO AND WILL PREJUDICE APPELLANT'S OPPORTUNITIES FOR LOWER CUSTODY LEVELS WITHIN PRISON, PRERELEASE STATUS, BOOT–CAMP ELIGIBILITY AND/OR PAROLE, AND RIGHTS TO A CLEAR, FACTUAL GOVERNMENTAL RECORD, ABSENT DISCRIMINATION FROM SINGLING OUT DISFAVORED PERSONS PROHIBITED BY ARTICLE 1 SECTION 26 OF THE PENNSYLVANIA CONSTITUTION AND BILL OF ATTAINDER, ARTICLE 1, 9–10[?]

(Appellant's Brief at 3).

■■■ ¶ 7 The decision to grant or deny a request for expungement of an arrest record "lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth." *Commonwealth v. Drummond*, 694 A.2d 1111, 1113 (Pa.Super.1997). "We review the decision of the trial court for an abuse of discretion." *Commonwealth v. Wolfe*, 749 A.2d 507, 509 (Pa.Super.2000).

¶ 8 In his argument on appeal, Appellant does not contest the conviction or sentence

---

**7.** Generally, a filing that raises issues with respect to remedies offered under the PCRA will be considered a PCRA petition. *See Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998). A prayer for relief, however, which does not fall within the remedies afforded by the PCRA will not constitute a PCRA petition. *Id.* Thus, the initial question in a collateral filing is whether the petitioner has an available remedy under the PCRA. *Commonwealth v. Lusch*, 759 A.2d 6, 8 (Pa.Super.2000), *appeal denied*, 565 Pa. 640, 771 A.2d 1281 (2001).

Here, Appellant's motion for expungement of his dismissed charges was filed under 18 Pa.C.S.A. § 9122. Appellant does not challenge the propriety of his conviction or sentence. Instead, the relief Appellant seeks is partial expungement of his arrest record. This is not a claim contemplated by the PCRA, nor is a remedy available under the PCRA. Therefore, we will not consider Appellant's motion as a PCRA petition. Consequently, his claim is not subject to the eligibility requirements and/or time constraints of the PCRA. Thus, there is no impediment to our review.

arising form his negotiated guilty plea to one count of aggravated assault under 18 Pa.C.S.A. § 2702(a)(4). Instead, Appellant asserts that the retention of the arrest records on the dismissed charges will prejudice his future employment, opportunities for lower custody levels within prison, prerelease status, parole, boot-camp eligibility, and constitutional rights to a cleared record. Appellant concludes that he is entitled to a hearing, pursuant to *Commonwealth v. Maxwell*, 737 A.2d 1243 (Pa.Super.1999), on his motion to expunge the arrest records related to the charges which were dismissed as part of his negotiated plea bargain. We disagree.

¶ 9 In general, the Criminal History Record Information Act at 18 Pa.C.S.A. §§ 9101–9183, and specifically Section 9122, governs the expungement of criminal records as follows:

**§ 9122. Expungement**

**(a) Specific proceedings.**—Criminal history record information shall be expunged in a specific criminal proceeding when:

(1) No disposition has been received or, upon request for criminal history information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and that no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement; or

(2) A court order requires that such nonconviction data be expunged.

**(b) Generally.**—Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest prosecution for ten years following final release from confinement or supervision; or

(2) An individual who is the subject of the information has been dead for three years.

\* \* \*

**(c) Maintenance of certain information required or authorized.**—Notwithstanding any other provision of this chapter, the prosecuting attorney and the central repository shall, and the court may, maintain a list of names and other criminal history record information of persons whose records are required by law or court rule to be expunged where the individual has successfully completed the conditions of any pretrial or post-trial diversion or probation program. Such information shall be used solely for the purpose of determining subsequent eligibility for such programs and for identifying persons in criminal investigations. Criminal history record information may be expunged as provided in subsection (b)(1) and (2). Such information shall be made available to any court or law enforcement agency upon request.

\* \* \*

**(e) Public records.**—Public records listed in section 9104(a) (relating to scope) shall not be expunged.

\* \* \*

18 Pa.C.S.A § 9122; *Commonwealth v. Wolf,* 704 A.2d 156 (Pa.Super.1997) (holding there is no common law or equitable basis for granting petition to expunge criminal conviction information). For purposes of Section 9122 relating to dissemination of criminal record information, Section 9104(a) provides, "nothing in this chapter shall be construed to apply to:"

(1) Original records of entry compiled chronologically, including, but not limited to, police blotters and press releases

that contain criminal history record information and are disseminated contemporaneously with the incident.

(2) Any documents, records or indices prepared or maintained by or filed in any court of this Commonwealth, including but not limited to the minor judiciary.

(3) Posters, announcements, or lists for identifying or apprehending fugitives or wanted persons.

(4) Announcements of executive clemency.

\* \* \*

18 Pa.C.S.A. § 9104.

■ ¶ 10 Our Supreme Court has held that in cases terminated by reason of a trial and acquittal, a petitioner is automatically entitled to the expungement of his arrest record. *Commonwealth v. D.M.*, 548 Pa. 131, 695 A.2d 770 (1997). Except where prohibited by statute, petitions to expunge the records of arrests terminated without convictions for reasons such as *nolle prosequi* or ARD should be evaluated according to the factors listed in *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981). *D.M., supra* at 137, 695 A.2d at 773; 18 Pa.C.S.A. § 9122; *Commonwealth v. Maxwell*, 737 A.2d 1243, 1244 (Pa.Super.1999). In *D.M.*, our Supreme Court explained the *Wexler* balancing test as follows:

Wexler sets forth relevant factors, neither an exclusive nor an exhaustive catalogue, for an expungement court to consider:

These include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

*D.M., supra* at 135–36, 695 A.2d at 772 (internal citations omitted). The trial court may also consider other relevant circumstances presented by the individual case. *Drummond, supra* at 1113. Nevertheless, "in this jurisdiction, in deciding whether justice requires expungement, a court ... must balance the individual's rights to be free from the harm attendant to maintenance of the arrest record[8] against the Commonwealth's interest in preserving such records." *Commonwealth v. Persia*, 449 Pa.Super. 332, 673 A.2d 969, 971 (1996). Thus, where the *Wexler* balancing test applies, the Commonwealth is required "to bear the burden of affirmatively justifying why the arrest record should not be expunged." *Maxwell, supra* at 1244. As the *Maxwell* Court said, "Individuals have the right as an adjunct to due process, to seek expungement of their criminal records which can be effectuated through a hearing." *Id.* at 1245. Quoting *Matter of Pflaum*, 305 Pa.Super. 600, 451 A.2d 1038, 1040 (1982), the *Maxwell* Court stated:

Punishment of the innocent is the clearest denial of life, liberty and property without due process of law. To remedy such a situation, an individual must be

---

**8.** This Court has long recognized the serious harm an individual may suffer as a result of retention of an arrest record. *Commonwealth v. McKee*, 357 Pa.Super. 332, 516 A.2d 6, 8 n. 2 (1986), *appeal denied*, 515 Pa. 575, 527 A.2d 537 (1987) (citing *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976)) (listing consequences ancillary to retention of arrest record, including harm to reputation, loss of opportunities for schooling, employment, professional licenses, subsequent arrest, denial of release pending trial or appeal, determination of sentence).

afforded a hearing to present his claim that he is entitled to an expungement. . . .

*Id.* at 1245. At a *Wexler* hearing, the Commonwealth bears the burden of affirmatively justifying retention of the arrest record, because it did not, could not, or choose not to bear its burden of proof beyond a reasonable doubt at trial. *Maxwell, supra* at 1244.

¶ 11 This Court has also rejected the conclusion that a guilty plea to a lesser charge necessarily implies a defendant's guilt to other charges that have been dropped. *Maxwell, supra* at 1245 (citing *Pflaum, supra*). Accordingly, prevailing law dictates that a petitioner is entitled to expungement of the arrest record upon acquittal or, in the alternative, a *Wexler* hearing on charges that have been either withdrawn or *nolle prossed.* See *D.M., supra; Maxwell supra.*

¶ 12 The fundamental issue in the present case is whether Appellant should be entitled to a hearing pursuant to *Maxwell* on his petition to expunge charges dismissed as part of a plea bargain. With respect to Appellant's claim that he was unlawfully denied a hearing, the trial court opined as follows:

> [Appellant] has cited [*Maxwell, supra*] as the primary support for his position that he is entitled to an expungement hearing. While we do concur with [Appellant] that *Maxwell* speaks generally to the issue of expungement after some of the charges at a particular docket number have been *nolle prossed,* however, we find that *Maxwell* is distinct from the instant case.
>
> In *Maxwell,* the Superior Court of Pennsylvania concluded that a Trial Court does have the authority to expunge charges from an incident that were *nolle prossed* where the defendant pled guilty to other charges arising from

that same incident. *Id.* The posture of *Maxwell* differs from the instant case in that in the instant case charges were not *nolle prossed* . . . .

> "A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of proceedings on a particular bill or information, which can at anytime be retracted to permit revival of proceedings on the original bill or information." *Commonwealth v. Whiting,* 509 Pa. 20, [22–23], 500 A.2d 806, 807 (1985). *Nolle Prosequi* is governed by Pennsylvania Rule of Criminal Procedure 313 [now Rule 585]. The rule states that upon motion of the Commonwealth, a Court may order a *Nolle Prosequi,* in one or more charges against a defendant.
>
> In this instance, the record does not reflect that the Commonwealth ever requested or received a *Nolle Prosequi* for [Appellant]. In the instant case, charges were dismissed, and the understanding of all parties was apparently that the charges could never be revived, which is quite a different situation than a *Nolle Prosequi.* As we find *Maxwell* speaks only to the instance of *Nolle Prosequi,* of charges, we find its holding to be inapplicable. We would additionally note from our experience as both a criminal court and a prosecutor that *Nolle Prosequi* has traditionally only been used in situations in which the Commonwealth finds it has insufficient evidence to proceed with a prosecution. There is no such claim in this instance. In fact, the evidence was such that [Appellant] did enter a guilty plea to one of the charges.
>
> After further reviewing the case law in this area, we also believe it necessary to note [*Pflaum,* supra]. In *Pflaum,* the Superior Court of Pennsylvania ordered expungement of records to charges that were "dropped" after a defendant pled

guilty to disorderly conduct. In that case, the Superior Court found that a defendant was entitled to a full hearing on the matter and that the Court had failed to properly balance the interests involved in denying the defendant's petition. *Pflaum* does not further characterize why or under what specific circumstances these charges were dropped. We also find *Pflaum* to be inapplicable to the instant case, as the instant case is again distinct. While the reasons for charges being dropped in *Pflaum* are unclear, the charges in the instant case were dismissed by the Court upon motion of the Commonwealth pursuant to a plea agreement.... To our knowledge, the Appellate Courts of Pennsylvania have never addressed a circumstance in which a defendant has sought to have charges expunged that were dismissed pursuant to a plea agreement.

In this case, [Appellant] clearly entered into a plea agreement. This is indicated by [Appellant's] circling of "plea" and "agreement" at the top of his "Statement Accompanying Defendant's request to Enter a Guilty Plea" as well as an admission by Defense Counsel of this fact at the outset of [Appellant's] Guilty Plea Hearing. (N.T. Guilty Plea, 4/13/99, at 2). As this Honorable Court is well aware, a plea agreement is quasi-contractual in nature and must be analyzed under the terms of contract law. *Commonwealth v. Kroh,* [440 Pa.Super. 1] 654 A.2d 1168, 1172 ([Pa.Super.] 1995). In this instance the consideration received by the parties was that in return for [Appellant's] guilty plea to the Aggravated Assault charge, the Commonwealth would move to dismiss the remaining charges. Now after the plea agreement has been consummated, [Appellant] apparently wishes to have part of the subject of the agreement destroyed; *i.e.,* expungement of the dismissed charges would obliterate or seal any record of those charges and thus leave no accurate record of the contractual relationship entered into by [Appellant] and the Commonwealth.

\* \* \*

What [Appellant] is requesting is tantamount to destroying the last nine pages of a ten-page contract and then requesting that the contract continue to be enforced based on the first page alone. We therefore hold that where charges are dismissed pursuant to a plea agreement, those charges are not eligible for expunction, as to destroy them would obscure the true circumstances under which [Appellant] has been convicted.

\* \* \*

Additionally, assuming purely *arguendo* that the Superior Court does find *Pflaum* to be applicable to the instant case, this Court would draw further distinction with said case. The Superior Court in *Pflaum* ordered expungement of a defendant's non-convictions after the defendant had pled guilty to disorderly conduct and other charges were dropped. *Pflaum[, supra].* In finding this, the Superior court specifically rejected the position of the [trial] court that a guilty plea to one charge shows some culpability for other dropped charges, and that that culpability would preclude expunction. *Id.* [at 1041]. While we fully agree with this position, [Appellant] is still ineligible for expungement under *Pflaum,* as [Appellant] is clearly culpable for several of the crimes that he seeks to expunge.

As noted previously, [Appellant] pled guilty to Aggravated Assault by intentionally or knowingly causing bodily injury to another with a deadly weapon. The charge against [Appellant] of Recklessly Endangering Another Person is a lesser included offense of Aggravated

Assault. *Commonwealth v. Dobbs,* [452 Pa.Super. 488] 682 A.2d 388 ([Pa.Super.]1996). As Recklessly Endangering Another Person is a lesser included offense of Aggravated Assault, by pleading guilty to Aggravated Assault, [Appellant] has admitted full culpability to Recklessly Endangering Another Person. For this reason, we would assert that expungement is clearly not appropriate in regards to Recklessly Endangering Another Person. Similarly, Simple Assault is a lesser included offense of Aggravated Assault and [Appellant] therefore admitted culpability for Simple Assault by pleading guilty to Aggravated Assault. *Commonwealth v. Channell,* [335 Pa.Super. 438] 484 A.2d 783, 787 ([Pa.Super.] 1984). Based on the foregoing, we would therefore submit that denial of expungement was clearly proper in regards to Recklessly Endangering Another Person and Simple Assault, as [Appellant] did admit culpability to these offenses through his guilty plea.

In conclusion, this Court would simply like to note that we do firmly support expungement in cases where a defendant has been acquitted of charges or where charges have been withdrawn by *Nolle Prosequi.* Such instances clearly show ... an admission by the Commonwealth that the evidence is clearly insufficient to prove the guilt of the defendant. However, the dismissal of charges pursuant to a plea agreement is clearly not a finding of the same order as an acquittal or *Nolle Prosequi.* It is this Court's experience that plea agreements are most often entered into for prosecutorial or judicial economy, or due to the request of the victims. In short, dismissal of charges due to a plea agreement should not [have the same implications] as acquittals or *Nolle Prosequi* situations.

\* \* \*

(Trial Court Opinion, dated October 11, 2000, at 2–7) (original footnotes omitted).

¶ 13 We appreciate the court's reasoning regarding the contractual nature of the plea agreement and the need to have accessible all data relevant to that agreement. *See Kroh, supra.* We also acknowledge the essential differences between plea agreements and acquittals or *Nolle Prosequi* situations. We admit further that the dismissal of some charges in exchange for a guilty plea to related charges represents a common scenario yet poses a thorny state of affairs when the defendant later seeks to expunge the dismissed charges. In the absence of an agreement as to expungement, Appellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged. Thus, we agree with the trial court that the better resolution is to deny expungement of the charges dismissed as part of Appellant's plea agreement, particularly where Appellant has already been bound over for trial on all charges, the Commonwealth is fully prepared to proceed against Appellant on all charges at trial, and Appellant admits to facts that could essentially constitute culpability for the dismissed charges.

¶ 14 Based upon the foregoing, we hold that the trial court properly denied Appellant's motion for expungement, under the circumstances of this case, where the Commonwealth agreed to dismiss, as part of a negotiated plea bargain, certain charges in exchange for Appellant's guilty plea to the remaining charge. *See Wolfe, supra.* Accordingly, we affirm the court's order denying Appellant the relief he requested.[9]

9. Section 9122 provides no other resource for

Appellant to expunge his arrest record. Ap-

¶ 15 Order affirmed.

¶ 16 * JUDGE MUSMANNO CONCURRED IN THE RESULT.

pellant has not reached the age of seventy and still alive. Thus, Appellant is not entitled to expungement under the general provisions set forth in Section 9122(b) (providing for possibility of expungement where individual who is subject of information reaches 70 years of age and has been free of arrest prosecution for ten years following final release from confinement or supervision or has been dead for three years). 18 Pa.C.S.A. § 9122(b).