J-S75008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY ABBATIELLO | |
| Appellant | No. 2847 EDA 2013 |

Appeal from the Order Entered September 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0208351-1999

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 09, 2015**

Appellant, Anthony Abbatiello, appeals from the September 18, 2013 order dismissing his motion to redact charges.  Upon careful review, we affirm.

From the certified record, we summarize the factual and procedural history of this case as follows.  On January 9, 1999, Appellant was charged with numerous offenses including rape, involuntary deviate sexual intercourse, aggravated indecent assault, false imprisonment, statutory rape, unlawful restraint, indecent exposure, indecent assault, corrupting a minor, simple assault, and recklessly endangering another person.[1]  On February 12, 1999, several of the charges were dismissed at the preliminary

---

[1] 18 Pa.C.S.A. §§ 3121, 3123, 3125, 2903, 3122, 2902, 3127, 3126, 6301, 2701, and 2705, respectively.

hearing. Thereafter, on June 17, 1999, Appellant entered a guilty plea to one count of indecent assault and one count of corrupting a minor. All of the remaining charges were *nolle prossed* by the Commonwealth.

On August 14, 2013, Appellant filed a *pro se* motion to redact charges, seeking expungement of the arrest record for the above-mentioned dismissed and *nolle prossed* charges.[2] The trial court scheduled a hearing for September 18, 2013. At the time of the hearing, the Commonwealth informed the trial court that Appellant was "in custody", whereupon the trial court dismissed the petition. N.T., 9/18/13, at 3. On October 4, 2013, Appellant filed a timely *pro se* notice of appeal.[3]

On appeal, Appellant raises the following question for our review.

> Whether the [trial] court erred in dismissing the Appellant's Motion for Redaction of Charges without holding a hearing[?]

Appellant's Brief at 7.

---

[2] Appellant had filed two earlier petitions on October 12, 2012 and on April 17, 2013. The trial court dismissed each of those petitions without a hearing on December 17, 2012 and May 22, 2013, respectively, citing Appellant's alleged incarceration on unrelated charges. Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, on July 31, 2013 also seeking expungement relief. The trial court did not act on that petition. However, we note, "[a] petition for expungement does not fall within the ambit of the PCRA…." **Commonwealth v. Rodland**, 871 A.2d 216, 218 n.3 (Pa. Super. 2005) (citation omitted).

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. We note that Appellant filed his notice of appeal and Rule 1925 concise statement *pro se*. Subsequently, counsel was appointed on January 8, 2014, and filed a counseled appellate brief on Appellant's behalf.

We note the following principles guiding our consideration of this matter.

> There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process. The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion.

**Commonwealth v. Moto**, 23 A.3d 989, 993 (Pa. 2011) (citations omitted).

A defendant's entitlement to expungement of a criminal record is dependent on the status of the specific charges at issue. Instantly, Appellant seeks expungement of charges that were dismissed during his preliminary hearing and charges that were *nolle prossed* in connection with his negotiated plea agreement.[4] Appellant's Brief at 10. "Except where prohibited by statute, petitions to expunge the records of arrests terminated without convictions for reasons such as *nolle prosequi* … should be evaluated according to the factors listed in **Commonwealth v. Wexler**, 494 Pa. 325,

_____

[4] Expungement of a criminal record for charges on which a petitioner has been convicted are governed by statute and permitted only under limited circumstances. **See** 18 Pa.C.S.A. § 9122; **Commonwealth v. V.G.**, 9 A.3d 222, 224 (Pa. Super. 2010) (noting, "[w]here a defendant is convicted of a crime, he is not entitled to expungement of that crime, except as outlined by 18 Pa.C.S. § 9122, which is an extensive statutory provision governing expungement[]"). On the other hand, "[o]ur Supreme Court has held that in cases terminated by reason of a trial and acquittal, a petitioner is automatically entitled to the expungement of his arrest record." **Commonwealth v. Lutz**, 788 A.2d 993, 998 (Pa. Super. 2001), *citing* **Commonwealth v. D.M.**, 695 A.2d 770 (Pa. 1997). Neither of these scenarios is at issue in this case.

431 A.2d 877 (1981)." **Commonwealth v. Lutz**, 788 A.2d 993, 998 (Pa. Super. 2001) (citations omitted). Balancing "the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records," a trial court must consider, *inter alia*, the following factors. **Wexler**, *supra*, at 879.

> [T]he strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

*Id.* (citation omitted). "At a **Wexler** hearing, the Commonwealth bears the burden of affirmatively justifying retention of the arrest record, because it did not, could not, or choose [sic] not to bear its burden of proof beyond a reasonable doubt at trial." **Lutz**, *supra* at 999 (citation omitted).

In the instant case, Appellant claims "[the trial] court abused its discretion by denying the Appellant's Petition for Redaction without holding a **Wexler** hearing." Appellant's Brief at 14. "This due process right was denied to the Appellant when the Commonwealth failed to make accommodations to have him notified and present at the Petition for Redaction hearing." *Id.* The trial court explained its dismissal of Appellant's petition as follows.

> In the present case, a **Wexler** hearing could not be held on the expungement issue because Defendant was in federal custody and therefore unable to

> appear. Defendant may file a new motion to redact the *nolle prossed* charges and a new hearing date will be issued to determine the issue of expungement without prejudice.

Trial Court Opinion, 2/28/14, at 2.

Our Supreme Court has recently clarified that the due process considerations attendant to an individual's right to petition for expungement of his or her criminal record are not implicated when the petitioner is incarcerated. **Commonwealth v. Wallace**, 97 A.3d 310, 320-322 (Pa. 2014). Accordingly, our Supreme Court held "that an inmate does not have the right to petition for expungement while incarcerated." **Id.** at 322. Instantly, Appellant acknowledges that he was incarcerated at the time his petition was filed and on the date scheduled for a hearing on his petition. Appellant's Brief at 9.

In light of the foregoing, we conclude the trial court did not abuse its discretion by dismissing Appellant's petition to redact his criminal arrest record, without prejudice and without conducting a **Wexler** hearing, because of Appellant's incarceration status. **See Wallace**, **supra**. We therefore affirm the trial court's September 18, 2013 order dismissing Appellant's petition to redact.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015