J-S19024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL L. HALEY | |
| Appellant | No. 972 EDA 2015 |

Appeal from the Order Entered February 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR—0223701-1985

BEFORE:  BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 12, 2016**

Appellant, Michael L. Haley, *pro se*, appeals from the February 24, 2015 order denying his petition to expunge[1] his record of several prior criminal charges.  We affirm the order and deny Appellant's application for remand.

Appellant pled guilty on November 21, 1985 to a single count of robbery.  In exchange for Appellant's guilty plea, the Commonwealth moved to *nolle prosse* the charges of theft by unlawful taking, receiving stolen property, possession of an instrument of crime ("PIC"), and unlawful possession of a firearm.

---

[1]   **See** Pa.R.Crim.P. 790(A), authorizing any person who satisfies the conditions for expungement to file an expungement petition.

On February 25, 2005, a Lehigh County jury found Appellant guilty of attempted murder, aggravated assault, recklessly endangering another person, terroristic threats, theft, and unlawful use of a motor vehicle. The trial court sentenced Appellant to an aggregate 25 to 50 years of incarceration for those offenses. This Court affirmed on September 15, 2006.

Appellant filed the instant petition, titled a "Petition to Redact Criminal Record," on September 22, 2014.[2] Appellant petitioned to expunge the *nolle prossed* charges from the 1985 prosecution. We gather from Appellant's *pro se* brief that he believes the record of the *nolle prossed* 1985 charges adversely affected his 2005 sentence. We also gather that Appellant believes his success in this action will provide grounds for challenging the 2005 sentence. The trial court conducted a hearing on February 25, 2015, pursuant to Pa.R.Crim.P. 790(B). The trial court granted Appellant's petition as to all of the *nolle prossed* 1985 charges except unlawful possession of a firearm. In rendering its decision, the court considered "fairness to Appellant and the need for the [Commonwealth] to preserve records of the

---

[2] Appellant criticizes the trial court for applying the law of expungement to his petition to "redact" his criminal record. Appellant fails to explain why he believes expungement differs from redaction, and the cases he cites in his brief address expungement.

type of robbery committed by the Appellant[.]" Trial Court Opinion, 7/30/15, at 1.

The right to seek expungement of charges stemming from an unlawful or erroneous arrest is an "adjunct of due process." ***Commonwealth v. Malone***, 366 A.2d 584, 587 (Pa. Super. 1976).[3]

> The harm ancillary to an arrest record is obvious: Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned, or whether to exercise their discretion to bring formal charges against an individual already arrested. Arrest records have been used in deciding whether to allow a defendant to present his story without impeachment by prior convictions, and as a basis for denying release prior to trial or an appeal; or they may be considered by a judge in determining the sentence to be given a convicted offender.

***Id.*** at 587-88.

"In determining whether justice requires expungement, the Court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." ***Commonwealth v.***

---

[3] Pennsylvania also provides a statutory right to expungement under certain conditions. 18 Pa.C.S.A. § 9122. Appellant has not raised any argument under § 9122.

*Wexler*, 431 A.2d 877, 879 (Pa. 1981). The balance between the individual's interest in expungement and the Commonwealth's need to retain the records rests within the discretion of the trial court. *Commonwealth v. Wallace*, 97 A.3d 310, 314 (Pa. 2014). We review the trial court's decision for abuse of discretion. *Commonwealth v. Waughtel*, 999 A.2d 623, 625 (Pa. Super. 2010). In determining whether to expunge a record, courts should consider:

> [T]he strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

*Wexler*, 431 A.2d at 879.[4]

In *Wallace*, our Supreme Court held that the due process right to seek expungement of non-conviction arrest records, described in *Wexler* and *Malone*, does not extend to prison inmates. *Wallace*, 97 A.3d at 320.[5]

---

[4] We observe that the *Wexler* balancing test applies only in cases such as this one where the Commonwealth terminates the charge without conviction or acquittal. *Wallace*, 97 A.3d at 317-18. Expungement of convictions is available only in limited, statutorily-prescribed circumstances. The defendant is automatically entitled to expungement if he obtains an acquittal. *Id.* (*but see id* at 382-84 Castille, C.J., concurring). Given our Supreme Court's analysis in *Wallace*, Appellant is not correct in asserting that *nolle prosequi* is equivalent to acquittal.

[5] The Commonwealth does not challenge the trial court's decision to expunge three of the four charges in question.

- 4 -

"[P]rison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens." *Id.* (quoting *Payne v. Commonwealth*, 871 A.2d 795, 809 (Pa. 2005)). The *Wallace* Court explained that an inmate's interest in protecting his reputation is minimal, and that he can seek expungement once again upon release. *Id.* at 380-81. Likewise, expungement of various non-conviction charges will not erase the stigma that attaches to a convicted felon. *Id.* at 381. Furthermore, the Commonwealth has an interest in retaining the arrest records inasmuch as statutory law requires the parole board to consider the inmates complete criminal history when making a parole decision. *Id.* at 381 (citing 61 Pa.C.S.A. § 6135(a)(7)).

Instantly, in refusing to expunge Appellant's firearms charge, the trial court explained, in accord with *Wallace*, that it would be useful for a future parole board to understand the nature of Appellant's 1985 robbery charge. The trial court recognized that the consequences of denying expungement to a prison inmate are minimal, and that the possibility of parole justifies the Commonwealth's desire to retain records. In refusing to expunge the firearms charge, the trial court followed *Wallace* to the letter. The court also noted that the *Wexler* test is not controlling here, given Appellant's current incarceration and our Supreme Court's holding in *Wallace*. Trial Court Opinion, 7/30/15, at 3. We discern no abuse of discretion in the trial court's decision not to expunge the firearms charge.

Appellant also argues that the Commonwealth, in opposing expungement, has reneged on one of its obligations under the parties' plea bargain. This argument fails because Appellant offers no evidence expungement was part of the agreement. If Appellant assumed that expungement of the *nolle prossed* charges is always part of the plea bargain, he assumed incorrectly. In **Commonwealth v. Lutz**, 788 A.2d 993 (Pa. Super. 2001), this Court wrote:

> [T]he dismissal of some charges in exchange for a guilty plea to related charges represents a common scenario yet poses a thorny state of affairs when the defendant later seeks to expunge the dismissed charges. **In the absence of an agreement as to expungement**, Appellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged.

*Id.* at 1001 (emphasis added). Absent any evidence of an agreement to expunge, Appellant's claim must fail.[6]

Order affirmed. Application to remand denied.

---

[6] Appellant filed an application for remand on August 24, 2015, asking this Court to direct the trial court to issue an order pursuant to Pa.R.A.P. 1925(b) so that Appellant can, in turn, file a concise statement under that Rule. Rule 1925(b) is not mandatory. Rather, the trial court may enter an order under subsection (b) if the court "desires clarification of the errors complained of[.]" Pa.R.A.P. 1925(b). Here, the trial court issued an opinion without directing Appellant to file a concise statement of errors. Further, the trial court's opinion correctly anticipated Appellant's arguments. We will deny Appellant's application to remand.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2016