J-S57007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIRK ERIC HOLLERBACH | : | |
| | : | |
| Appellant | : | No. 714 EDA 2017 |

Appeal from the Order February 3, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0001920-2006

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 01, 2017**

In 2006, the Commonwealth charged Appellant, Kirk Hollerbach, with criminal mischief, terroristic threats, and stalking. After the stalking charge was dismissed by the magisterial district justice, the criminal mischief charge was *nolle prossed*, and Hollerbach pled guilty to a summary harassment charge. The record is unclear on the resolution of the terroristic threats charge.

In 2016, Hollerbach petitioned the court to have these arrest records expunged from his record pursuant to 18 Pa.C.S.A. § 9122(b)(3)(i). That section provides for the possibility of expungement of criminal history records related to a summary conviction when the defendant "has been free of arrest or prosecution for five years following the conviction for that offense." *Id*.

After hearing argument from counsel, the trial court denied Hollerbach's petition. On appeal, Hollerbach claims that the trial court erred in allowing the Commonwealth to read the relevant affidavits of probable cause to the court, and that the court abused its discretion in dismissing his petition. After careful review, we conclude that the record is insufficient to support the trial court's decision. We therefore reverse in part, vacate in part, and remand for further proceedings.

In his first issue, Hollerbach argues that the trial court erred in allowing the Commonwealth to present hearsay evidence to the court. As will become clear in our discussion of Hollerbach's second issue, we disagree with both Hollerbach's and the Commonwealth's description of the proceeding that occurred in the trial court. Since we reverse and remand for further proceedings, we need not address this issue other than to note that no sworn witnesses provided testimony, and Hollerbach did not explicitly concede the authenticity or accuracy of the affidavits the assistant district attorney read into the record. Thus, it is not clear that this constituted evidence of any sort.

Turning to the issue dispositive of this appeal, criminal history records related to a conviction may be expunged "only under very limited circumstances that are set forth by statute." ***Commonwealth v. Giulian***, 141 A.3d 1262, 1267 (Pa. 2016) (citation omitted). In contrast, where a defendant has been acquitted of criminal charges, "he is generally entitled to

automatic expungement of the charges for which he was acquitted" under his right to due process of law. **Commonwealth v. Hanna**, 964 A.2d 923, 925 (Pa. Super. 2009) (citations omitted).

Here, we are presented with hybrid circumstances. The criminal docket sheets reveal that Hollerbach was initially charged with three separate crimes arising from an incident that occurred on February 5, 2006: Criminal mischief/damage to property, terroristic threats, and stalking. After a preliminary hearing, the magisterial district judge dismissed the stalking charge and bound the first two charges over for trial.

The Commonwealth never sought to reinstate the stalking charge. Thus, the district magistrate found there was insufficient evidence to try Hollerbach on the stalking charge, and the Commonwealth acquiesced to this determination. **See** Pa.R.Crim.P. 544 (permitting the Commonwealth to refile charges previously dismissed by issuing authority). As such, Hollerbach is entitled to have all records of the stalking charge expunged.

Nor was Hollerbach convicted of the two charges that were bound over for trial. The criminal dockets reveal that the Commonwealth *nolle prossed* the criminal mischief/damage to property charge, while it changed the terroristic threats charge to the summary harassment/subject other to physical contact charge to which Hollenbach ultimately pled guilty.

The Commonwealth argues that this record indicates that Hollenbach accepted a negotiated guilty plea. Thus, the Commonwealth believes that

Hollenbach would be ineligible for expungement pursuant to *Commonwealth v. Lutz*, 788 A.2d 993 (Pa. Super. 2001). In *Lutz*, a panel of this Court held that a petitioner is not entitled to expunction of the records of charges dismissed pursuant to a negotiated plea agreement.

A subsequent panel of this Court recognized that "*Lutz* is arguably inconsistent with broad language from this Court and our Supreme Court, as well as the prevailing trend of our case law." *Hanna*, 964 A.2d at 928-929. However, the panel also acknowledged that *Lutz* is still controlling law until it is overruled by this Court *en banc* or by the Supreme Court of Pennsylvania. *See id*., at 929. We have not located any controlling precedent that overrules *Lutz*. Thus, we conclude that we are still bound by *Lutz*.

However, we disagree with the Commonwealth that the record before us establishes there was any form of plea agreement between the parties. The record indicates that, after Hollerbach filed a *habeas corpus* motion,[1] the Commonwealth *nolle prossed* the criminal mischief charge, and changed the charge of terroristic threats to a charge of summary harassment. The guilty

---

[1] "A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) …." *Commonwealth v. Dantzler*, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*) (citations omitted).

plea colloquy is not of record. Nor is there any other evidence that the Commonwealth responded to Hollerbach's *habeas corpus* motion.

In fact, at the hearing on Hollerbach's expungement petition, the Commonwealth did not present the testimony of any sworn witness. The assistant district attorney read documents that were purportedly the affidavits of probable cause. The trial court overruled Hollerbach's objections to this process by noting that these readings were not being admitted for the truth of the assertions within the affidavits, but merely to provide context as to what the charges were. The Commonwealth offered no other evidence.

We are therefore left with two equally plausible interpretations of the record. It is possible that the Commonwealth is correct, and Hollerbach did enter into a negotiated plea agreement whereby the Commonwealth dropped these charges in consideration for the plea. However, it is also possible that the Commonwealth concluded that it could not meet its burden to overcome Hollerbach's *habeas corpus* motion, and this may be the reason it *nolle prossed* the criminal mischief charge and changed the terroristic threats charge to a summary harassment charge. As such, we cannot conclude that **Lutz** controls this case based upon the record before us.[2]

Under these circumstances, we conclude that **Hanna** is controlling. There, as here, the hearing on the expungement petition "consisted

---

[2] We note that the trial court did not base its dismissal on **Lutz**.

primarily of oral argument rather than sworn testimony." 964 A.2d at 928. Thus, "the current state of the certified record is inadequate to resolve" the factual dispute over the existence of a plea agreement. *Id*. "[W]e are constrained to vacate the existing order and remand for further proceedings so that the trial court may resolve these factual disputes, and support its factual findings with evidence that may be found in the certified record." *Id*.

Hollenbach is entitled to expunction for the stalking charge, and we therefore reverse the trial court's order in this regard. As to the remaining charges, we vacate the order and remand for further proceedings consistent with this memorandum.

Order reversed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2017

- 6 -