J-S51002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ANTHONY ALBIN | : | |
| | : | |
| Appellant | : | No. 419 MDA 2019 |

Appeal from the Order Entered February 6, 2019
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000325-2018

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.: **FILED NOVEMBER 07, 2019**

James Anthony Albin appeals from the order denying his petition for partial expungement following a negotiated guilty plea. We affirm.

We derive the facts and procedural history of the case from the trial court opinion and our independent review of the certified record. *See* Trial Court Opinion, 4/16/19; *see also* Pa.R.A.P. 1925(a).

Albin was charged by criminal information with four counts: count 1, possession with intent to deliver marijuana under 35 P.S. § 780-113(a)(30); count 2, criminal conspiracy to possess with intent to deliver marijuana, under 18 Pa.C.S.A. § 903(a)(1), both felonies; count 3, simple possession of marijuana under 35 P.S. § 780-113(a)(16); and count 4, possession of drug paraphernalia under 35 P.S. § 780-113(a)(32), both misdemeanors, in

violation of the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §§ 780-101 to 780-144, and the Crimes Code.

On October 3, 2018, shortly before Albin's jury trial was set to begin, he entered a written, counseled, negotiated guilty plea to the two misdemeanors, simple possession of marijuana and possession of drug paraphernalia. **See** Guilty Plea, 10/3/18; **see also** Plea Agreement, 10/3/18. The written guilty plea included the handwritten notation that the plea was "Guilty to Counts 3 and 4 only." Guilty Plea, 10/3/18.

Also on October 3, 2018, pursuant to the negotiated plea agreement, the trial court sentenced Appellant on each count to twelve months' probation with the sentence on count 3 running consecutive to the DUI sentence Albin was then serving in York County and count 4 running consecutive to count 3.

On November 15, 2018, Albin filed a petition for the expungement of counts 1 and 2, pursuant to Pennsylvania Rule of Criminal Procedure 790.

By order of February 6, 2019, the trial court denied the petition without a hearing. Albin filed a timely notice of appeal on March 7, 2019. On April 9, 2019, he filed a concise statement of errors complained of on appeal.

The Commonwealth objected in writing to any relief for Appellant. It concluded his appeal was meritless. However, the Commonwealth declined to file a responsive brief, relying on the trial court's Rule 1925(a) opinion.[1]

Albin presents one question for our review on appeal:

I. Did the trial court err when it denied [Appellant's] Petition for Expungement?

Appellant's Brief, at 4.[2]

Albin maintains the trial court erred because it had no legitimate, compelling reason to deny the petition for expungement. *Id.* at 6. We disagree.

Our standard of review is well-settled.

[The Pennsylvania Supreme] Court has consistently found that the right in this Commonwealth to petition for expungement of criminal records is an adjunct of due process. The decision to grant or deny a petition for expungement lies in the *sound discretion of the trial court*, who must balance "the individual's right to be free from harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." [**Commonwealth v.**] **Wexler**, [494 Pa. 325, 431 A.2d 877, 879 (1981)].

---

[1] **See** Commonwealth's letter to Jennifer Traxler, Esquire, Deputy Prothonotary of Superior Court, dated August 5, 2019.

[2] We note that even though Albin correctly cites our standard of review as abuse of discretion, he frames his issue as an error of law. We also note that Albin's brief omits a table of contents or a table of citations. Therefore, it fails to comply with Pennsylvania Rule of Appellate Procedure 2174. Furthermore, Albin's brief includes an Appendix A, and an Appendix B, but both are totally blank. As these deficiencies do not impact our ability to address this appeal, we decline to impose any sanctions.

- 3 -

Judicial evaluation of a petition to expunge depends on the manner of disposition of the charges an individual wishes to expunge.

When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted, only under very limited circumstances that are set forth by statute. When a petitioner has been tried and acquitted of the offenses charged, [the Pennsylvania Supreme Court has] held that the petitioner is automatically entitled to the expungement of his arrest record. When a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ("ARD"), then, [the Pennsylvania Supreme Court] has required the trial court to balance the individual's right to be free from the harm attendant to the maintenance of the arrest record against the Commonwealth's interest in preserving such records.

\* \* \*

In **Wexler**, [the Pennsylvania Supreme Court] set in place the following five factors that the trial court must balance when considering a petition for expungement:

(1) The strength of the Commonwealth's case against the petitioner; (2) the reasons the Commonwealth gives for wishing to retain the records; (3) the petitioner's age, criminal record, and employment history; (4) the length of time that has elapsed between the arrest and the petition to expunge; (5) and the specific adverse consequences the petitioner may endure should expunction be denied.

**Wexler**, **supra** at 879.

…

[T]here is a presumption that when a court has a set of facts in its possession, it will apply those facts. Moreover, where the trial court has the record in its possession, we do not require the court to prove that it reviewed the entire record by citing to each and every circumstance it considered in its findings. The trial court, instead, must explain the rationale of its decision in a

sufficiently legal and factual manner to support its decision under *Wexler.*

*Commonwealth v. Wallace*, 97 A.3d 310, 317–19 (Pa. 2014) (emphasis added) (some citations omitted). *Accord*, *Commonwealth v. Lutz*, 788 A.2d 993, 996 (Pa. Super. 2001) ("We review the decision of the trial court for an abuse of discretion.") (citation omitted).

A trial court abuses its discretion if in reaching a conclusion, the law is overridden or misapplied, or the exercised judgment is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. *See, e.g., Commonwealth v. Hann*, 81 A.3d 57, 65 (Pa. 2013). To the extent Appellant's arguments raise questions of law, our appellate standard of review is *de novo,* and the scope of our review is plenary. *See Commonwealth v. Sanford,* 863 A.2d 428, 431 (Pa. 2004).

In general, the Criminal History Record Information Act, 18 Pa.C.S.A. §§ 9101–9183, specifically section 9122, governs the expungement of criminal records. There is no dispute, and Appellant does not argue, that he meets any of the statutory criteria for discretionary expungement following a conviction.[3]

---

[3] *See*, *generally*, § 9122(b)(1)-(3): [(1) subject reaches seventy years of age and has been free of arrest or prosecution for ten years; (2) subject has been dead for three years; (3) summary offense and subject has been free of arrest or prosecution for five years)].

Nor does Albin argue that the charges were withdrawn because the Commonwealth could not meet its burden of proof.[4] To the contrary, the Commonwealth was prepared to go to trial that morning. Albin was not acquitted of any of the charges at issue.

Nevertheless, Albin maintains in this appeal that "expungement must be granted." Appellant's Brief, at 11. He argues that because his felony charges did not result in conviction, the Commonwealth had−but failed to meet−the burden to prove by compelling evidence that it had reasons to maintain "non-conviction data" which outweighed the prejudice to him. ***Id.*** We disagree.

Albin does concede,

> [O]ne very narrow exception is in the case where a petitioner pled guilty to a charge in exchange for the dismissal of the other charges against him. An expungement may be denied only when the Commonwealth proves by clear and convincing evidence (such as by presenting evidence from the plea colloquy) that the charges were dismissed in exchange for the plea.

***Id.*** at 9.

Albin further concedes that he entered into a negotiated guilty plea. ***See id.*** He even concedes that "[a]s a result of this guilty plea, one (1) count of Possession with Intent to Deliver and one (1) count of Criminal Conspiracy

---

[4] We note that the Commonwealth had identified an expert witness, Pennsylvania State Police Trooper James O'Shea, to render an opinion on whether possession was with intent to deliver. ***See*** Notice, April 23, 2018.

*were withdrawn by the Commonwealth and dismissed by the trial court*." ***Id.***

(emphasis added).[5]

Nevertheless, he concludes, "[t]here is nothing on the record that the Defendant pled guilty in order to obtain dismissal of those charges, therefore the exception to the expungement does not apply." ***Id.***

Albin fails to develop a persuasive argument, supported by pertinent authority or reference to the record, sufficient to overcome the reasonable inference that in the absence of any express exception (*e.g.*, acquittal, completion of ARD, Commonwealth's conceded inability to proceed to trial) the withdrawal of the felony charges was an integral part of his negotiated plea to the lesser charges.

On independent review, we conclude that in the totality of circumstances, the facts of the negotiated plea in this appeal are most closely aligned with the analysis of this Court in ***Lutz***, 788 A.2d at 1001.

The panel in ***Lutz*** held that the trial court properly denied Lutz's motion for expungement, where the Commonwealth agreed to dismiss, as part of a

---

[5] The trial court maintains that "it does not appear that the Commonwealth ever moved to [withdraw] Counts 1 and 2 of the Criminal Complaint," the charges Albin now seeks to have expunged. Trial Court Opinion, at 2. The record does not contain a motion from the Commonwealth to withdraw, or an order granting withdrawal. However, the docket does contain dispositions that confirm both charges were withdrawn. ***See*** Adams County Criminal Docket, CP-01-CR-0000325-2018, page 3 of 13.

negotiated plea bargain, certain charges in exchange for Lutz's guilty plea to the remaining charge.

The *Lutz* Court agreed with the trial court that:

[T]he dismissal of charges pursuant to a plea agreement is clearly not a finding of the same order as an acquittal or *Nolle Prosequi.* It is [the trial court's] experience that plea agreements are most often entered into for prosecutorial or judicial economy, or due to the request of the victims. In short, dismissal of charges due to a plea agreement should not [have the same implications] as acquittals or *Nolle Prosequi* situations.

*Lutz*, 788 A.2d at 1001.

The *Lutz* Court also accepted the analysis of the trial court that plea agreements are contractual (or quasi-contractual) in nature. From that premise, the Court reasoned that:

In the absence of an agreement as to expungement, Appellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged. Thus, we agree with the trial court that the better resolution is to deny expungement of the charges dismissed as part of Appellant's plea agreement, particularly where Appellant has already been bound over for trial on all charges, the Commonwealth is fully prepared to proceed against Appellant on all charges at trial, and Appellant admits to facts that could essentially constitute culpability for the dismissed charges.

*Lutz*, 788 A.2d at 1001.

Additionally, as aptly noted by the trial court, violations of The Controlled Substance, Drug, Device and Cosmetic Act, such as Albin was charged with in this case, are expressly excluded from the provisions of Pennsylvania Rule of Criminal Procedure 790, Procedure for Obtaining Expungement in Court Cases; Expungement Order. **See** Pa.R.Crim.P.

- 8 -

790(A)(1). The trial court properly denied Albin's petition for expungement. Accordingly, we affirm the court's order denying Appellant the relief he requested.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/07/2019