J-A10014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUNIUS PRESTON LEISURE, JR. | : | |
| | : | |
| Appellant | : | No. 1577 MDA 2021 |

Appeal from the Order Entered October 25, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000705-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUNIUS PRESTON LEISURE, JR. | : | |
| | : | |
| Appellant | : | No. 1603 MDA 2021 |

Appeal from the Order Entered October 25, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000235-1988

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED JULY 06, 2022**

In these consolidated appeals, Junius Preston Leisure, Jr., appeals, *pro se*, from the orders denying his petitions for expungement of charges that were withdrawn after his entry of a negotiated guilty plea. We conclude Leisure is not statutorily eligible for expungement, and consequently, we affirm.

In 1988, Leisure pled guilty to 10 counts of theft by deception at docket number 705-1988 and 4 counts of theft by deception at docket number 235-1988.[1, 2] The trial court sentenced Leisure, pursuant to the plea agreement, to aggregate terms of 5 years' probation, to be served concurrently with one another. The trial court also ordered Leisure to pay restitution. Two years later, after a violation and revocation of his probation at docket number 235-1988, Leisure was resentenced to a term of 30 days to 23 months in prison and 3 years' probation.

In 2021, Leisure filed a petition for expungement of the charges that had been withdrawn at each docket number. Leisure argued the charges were over 30 years old; the charges stemmed from his history of drug addiction; and he wished "to put an end to these residual reminders of [his] past life." Petition for Expungement, 8/26/21 (docket number 235-1988) and 9/8/21 (docket number 705-1988). The trial court denied Leisure's petitions for expungement on October 25, 2021.

---

[1] 18 Pa.C.S.A. § 3922(a)(1).

[2] At docket number 705-1988, Leisure was additionally charged with 10 counts each of theft by deception, receiving stolen property and bad checks, and 9 counts of criminal conspiracy. In exchange for his plea, the Commonwealth withdrew these charges. At docket number 235-1988, Leisure was charged with a total of 7 counts each of theft by deception, receiving stolen property, and criminal conspiracy. In accordance with the plea agreement, Leisure pled guilty to 4 counts of theft by deception, and the Commonwealth withdrew the remaining charges.

Leisure filed *pro se* notices of appeal at both docket numbers on December 6, 2021, and this Court consolidated the appeals *sua sponte*.[3]

In his *pro se* brief, Leisure contends he was entitled to a hearing on his motion for expungement. **See** Appellant's Brief at 2. According to Leisure, the trial court should have applied the **Wexler** test. **See Commonwealth v. Wexler**, 431 A.2d 877, 879 (Pa. 1981) (citing a number of factors a court may consider in balancing "the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records"). Leisure claims he is entitled to expungement of the withdrawn charges under 18 Pa.C.S.A. § 9122 because following his release from prison in 1994, he remained free of arrests and prosecution for 13 years, until 2007. **See** Appellant's Brief at 2-3.

_____

[3] We observe that Leisure's *pro se* notices of appeal are facially untimely. **See** Pa.R.A.P. 903(a) (providing that the notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). However, "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000); **see also** Pa.R.Crim.P. 114(C)(2) (requiring docket entries to identify the date of receipt of the order in the clerk of courts' office, the date appearing on the order, and the date of service of the order). Here, the docket does not include the appropriate notation indicating when Leisure was served with the order denying his petition for expungement. Therefore, "the period for taking an appeal was never triggered," **Jerman**, 762 A.2d at 368, and we will consider Leisure's appeal as timely filed.

We review a trial court's decision to grant or deny a request for expungement of an arrest record for an abuse of discretion. **See Commonwealth v. Lutz**, 788 A.2d 993, 996 (Pa. Super. 2001).

Section 9122 of the Criminal History Record Information Act governs expungement of criminal records. In particular, Section 9122(b)[4] details the circumstances in which a court has discretion to grant expungement:

**§ 9122. Expungement**

* * *

**(b) Generally.--**Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3)(i) An individual who is the subject of the information petitions the court for expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

_____

[4] Leisure does not raise a challenge under Section 9122(a), which governs mandatory expungement in specific proceedings. **See** 18 Pa.C.S.A. § 9122(a). In any event, the specific circumstances under which Section 9122(a) applies are not applicable in the instant case. To the extent Leisure attempted to invoke Section 9122(a)(2) by referring to "nonconviction data," we note that expungement under that subsection requires a court order. We would also point to **Commonwealth v. Lutz**, 788 A.2d 993, 999 (Pa. Super. 2001), which recognized a distinction between charges that are *nolle prossed* based on the Commonwealth's conclusion that it lacks sufficient evidence to prosecute, and charges that are withdrawn pursuant to a plea agreement.

> (ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122(b).[5]

The clear language of subsection 9122(b)(1) includes two distinct requirements: the individual's attainment of the threshold age of 70 and remaining free of arrests or prosecutions for a period of 10 years. As he stated himself in his *pro se* petition, he was 62 years old at the time he filed the petitions for expungement. While his age alone prevents Leisure from overcoming the statutory hurdle, we also observe Leisure's difficulty in refraining from criminal activity. In the underlying matter, Leisure violated his probation at docket number 235-1988 and was resentenced as a result. The criminal history record attached to Leisure's *pro se* petition for limited access also reveals charges in 1989, which resulted in convictions of corruption of minors and indecent assault.[6] Accordingly, Leisure does not meet the statutory requirements to be eligible for discretionary expungement, and the trial court

---

[5] While Leisure only provides argument concerning subsection 9122(b)(1), we note briefly that subsections 9122(b)(2) and (b)(3) are not applicable under these circumstances, as Leisure was not charged with summary offenses under these dockets, and we presume that Leisure was animate at the time he filed his *pro se* petitions and appellate brief in this matter.

[6] Though not contained in the certified record before us on appeal, our brief review of the public records available using Leisure's State Identification Number indicates that Leisure was also arrested in 2007 and 2016. In fact, Leisure filed the petitions for expungement and litigated the instant appeal, *pro se*, while in prison.

did not err or abuse its discretion in denying his petition for expungement without consideration of the **Wexler** factors.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/06/2022