J-S57032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
RISHI PANDEY, :
:
Appellant : No. 26 WDA 2016

Appeal from the Order October 27, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0006932-2011

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 12, 2016**

Rishi Pandey (Appellant) appeals from the order entered on October

27, 2015, which denied his second petition filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court aptly summarized the relevant factual and procedural

history of this matter as follows.

> After a non-jury trial that concluded on July 17, 2012,
> [Appellant] was found guilty of aggravated assault, possessing
> instruments of a crime, terroristic threats, unlawful restraint and
> harassment.  On October 3, 2012, [the trial c]ourt sentenced
> [Appellant] to a term of imprisonment of not less than five nor
> more than ten years, followed by a five-year term of probation.
> [Appellant] filed a timely appeal, but discontinued the appeal on
> January 30, 2013.  [Appellant's] judgment of sentence became
> final on that date.  On October 13, 2013, [Appellant] filed a *pro
> se* PCRA petition.  [Counsel was appointed and the PCRA court]
> denied [Appellant's first] PCRA petition on February 25, 2014. No

---

* Retired Senior Judge assigned to the Superior Court.

appeal was taken[.] However, on July 28, 2015, [Appellant] filed a Motion to Modify and Correct Illegal Sentence *Nunc Pro Tunc* claiming that the mandatory minimum sentence imposed in the case violated the United States Supreme Court's holding in **Alleyne v. United States**, [133 S.Ct. 2151 (2013)]. The Commonwealth replied to the motion arguing that the holding in **Alleyne** was not retroactive and did not apply to [Appellant's] case. [The PCRA court] agreed with the Commonwealth and denied the second PCRA petition on October 27, 2015. This appeal followed.

PCRA Court Opinion, 4/20/2016, at 1-2 (footnotes omitted).[1]

On January 14, 2016, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal; however, the docket reflects that none was filed. On April 20, 2016, the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a).[2]

_____

[1] Appellant's notice of appeal was docketed on December 3, 2015, past the November 26, 2015 filing deadline. The notice of appeal is dated November 25, 2015; however, the envelope in which it was mailed was not date stamped by the post office or the clerk of courts. Nonetheless, because Appellant was incarcerated at the time his notice was filed, we may assume that Appellant placed it in the hands of prison authorities on or before November 26, 2015; thus, the notice is arguably timely under the prisoner mailbox rule. **See Commonwealth v. Patterson**, 931 A.2d 710 (Pa. Super. 2007) (holding that even without a postmark definitively noting the date of mailing, this Court may find an incarcerated appellant's filing timely where the date of receipt indicates that appellant placed the document in the hands of prison authorities in advance of the applicable filing deadline). Additionally, "[w]here … the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely[.]" **Commonwealth v. Cooper**, 710 A.2d 76, 79 (Pa. Super. 1998).

[2] Rule 1925(b)(4)(vii) makes clear that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(vii). However, we decline to find waiver in the instant case because it appears that Appellant was not served properly with the PCRA court's order.

Nonetheless, we conclude that the PCRA court lacked jurisdiction to review the merits of Appellant's petition. Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

---

Pennsylvania Rule of Criminal Procedure 114 provides that the clerk of courts shall serve promptly a copy of any order or court notice on each party's attorney, or the party if unrepresented. Pa.R.Crim.P. 114(B)(1). Appellant herein is unrepresented. The rules provide that where a party is unrepresented, service shall be in writing by sending a copy of the order "by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement." Pa.R.Crim.P. 114(B)(3)(a)(v). Further, a docket entry shall be made promptly and shall contain "the date of receipt in the clerk's office of the order or court notice; the date appearing on the order or court notice; and the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2).

Here, filing of the court's order appears on the docket; however, the docket does not indicate that a copy of the order was mailed to Appellant at his prison address. Because it does not appear that Appellant was served properly a copy of the court's order requiring him to file a 1925(b) statement, we decline to find Appellant's issues waived.

authority to address the substantive claims.'" ***Id.*** (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)).

Appellant's judgment of sentence became final on January 30, 2013; thus, he had until January 30, 2014, to file timely his PCRA petition. The instant motion, which the court treated properly as a second PCRA petition,[3] was not filed until July 28, 2015, well outside of the time limitation. Because Appellant untimely filed his PCRA petition, he had the burden of pleading and offering to prove one of the following exceptions to the time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[3] "Generally, a filing that raises issues with respect to remedies offered under the PCRA will be considered a PCRA petition." ***Commonwealth v. Lutz***, 788 A.2d 993, 996 n. 7 (Pa. Super. 2001) (citations omitted). Legality-of-sentence claims are cognizable under the PCRA. ***See Commonwealth v. Hockenberry***, 689 A.2d 283, 288 (Pa. Super. 1997) (holding untimely motion to modify illegal sentence should be treated as PCRA petition, since issues relating to legality of sentence are cognizable under PCRA).

42 Pa.C.S. § 9545(b)(1). Moreover, "[a]ny petition invoking an exception provided in [42 Pa.C.S. § 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant makes no attempt to plead or prove a timeliness exception. Rather, Appellant argues that his sentence is illegal under **Alleyne**. "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (citations omitted). In **Commonwealth v. Miller,** 102 A.3d 988 (Pa. Super. 2014), this Court held that that a PCRA petitioner may not rely upon **Alleyne** to avail himself of an exception to the time requirements of the PCRA. Furthermore, our Supreme Court has held that **Alleyne** itself does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, -- A.3d --, 2016 WL 3909088 (Pa. July 19, 2016).

Moreover, even if **Alleyne** provided Appellant with an exception to the statutory timebar, Appellant's petition would still be untimely. Section 9545(b)(2) requires a PCRA petition raising an exception to "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). **Alleyne** was decided on June 17, 2013, and Appellant did not file the instant PCRA petition until June 28, 2015, over two years after the decision.

- 5 -

Accordingly, Appellant has failed to establish the applicability of a timeliness exception, and the PCRA court properly dismissed his PCRA petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016