J-S37036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON LEE BROWN | : | |
| | : | |
| Appellant | : | No. 556 EDA 2025 |

Appeal from the Order Entered January 31, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000151-2003

BEFORE:  DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 16, 2025**

Appellant, Jason Lee Brown, appeals *pro se* from the order entered in the Court of Common Pleas of Delaware County denying his petition for expungement.  After our careful review, we affirm.

The trial court has set forth the relevant facts and procedural history, in part, as follows:

> On December 1, 2003, [Appellant] entered into a negotiated guilty plea to the charge of robbery, 18 Pa.C.S.A. § 3701(a)(2). [Numerous] other charges were withdrawn as part of the plea agreement.[1]  Pursuant to the negotiated guilty plea, the [trial

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth withdrew the following charges: criminal attempt, possession of weapon prohibited, simple assault, aggravated assault, harassment, criminal mischief, recklessly endangering another person, and firearms not to be carried without a license. ***See*** 18 Pa.C.S.A. §§ 901(a), 907(b), 2701(a), 2702(a), 2709(a)(1), 3304(a), 2705, and 6106(a)(1), respectively.

court] entered a judgment of sentence [of two years to five years in prison, which Appellant began serving on December 29, 2003. Appellant did not file a direct appeal from his judgment of sentence.]

\*\*\*

On June 6, 2017, [Appellant] filed a petition [pursuant to the] Post-Conviction Relief Act ("PCRA"), [42 Pa.C.S.A. §§ 9541-46]. On June 12, 2017, [the trial court] entered an order [appointing] counsel to assist [Appellant] in the pursuit of his PCRA petition. On September 28, 2017, court-appointed counsel filed a [**Turner/Finley**[2]] letter [seeking to withdraw his representation and] suggesting there was no merit to [Appellant's] claims. On June 18, 2018, the [PCRA court] entered an order pursuant to Pa.R.Crim.P. 907(1) of [its] intention to dismiss [the] PCRA petition within 20 days. On August 6, 2018, an order was entered dismissing [Appellant's PCRA] petition.

On June 4, 2018, [while the PCRA petition was pending, Appellant] filed a *pro se* petition for expungement pursuant to Pa.R.Crim.P. 790[.] [On August 20, 2018, the trial court held a hearing on the first expungement petition.] On August 29, 2018, [the trial court] entered an order, which denied [Appellant's] first expungement petition. On October 4, 2018, [Appellant] filed a notice of appeal from [the trial court's] denial of his first expungement petition. On November 23, 2018, [the trial court] issued a written opinion. [On May 9, 2019, this Court affirmed the trial court's denial of Appellant's first expungement petition.]

[On May 24, 2019, Appellant filed a *pro se* "motion to dismiss" wherein he sought dismissal or expungement of his arrest record. He claimed the Commonwealth "should assume the failure to state a reason for [lack of] prosecution" on charges to which he did not plead guilty. On June 11, 2019, the trial court denied Appellant's motion. Appellant did not file an appeal from this order.]

On August 9, 2019, [Appellant] filed a "Motion for Relief." [Therein, Appellant] raised the following issues: (1) whether [Appellant's] plea of guilty was valid, (2) whether the [trial court] had jurisdiction over [Appellant] at the time of his guilty plea, and (3) whether [Appellant's] speedy trial rights had been violated.

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

On August 20, 2019, [the trial court] entered an order denying [Appellant's] "Motion for Relief." [Appellant filed an appeal to this Court, and this Court held the August 9, 2019, "Motion for Relief" should be treated under the auspices of the PCRA. Concluding that Appellant was no longer serving his sentence, this Court held Appellant was not eligible for relief under the PCRA. Accordingly, on April 27, 2020, this Court affirmed the trial court's August 20, 2019, order.]

On March 10, 2021, [Appellant filed a *pro se* document entitled] "Memorandum of Law in Support of [Appellant's] Petition for Expungement." [Appellant] raised the following issues: (1) whether [Appellant's] plea of guilty was valid, (2) whether [Appellant's] sentence was illegal, and (3) whether the police had probable cause to arrest [Appellant]. On August 25, 2021, [the trial court] entered an order denying [Appellant's] "Memorandum of Law in Support of [Appellant's] Petition for Expungement." [Appellant did not file an appeal to this Court.]

On November 24, 2021, [Appellant] filed [another] *pro se* petition for expungement pursuant to Pa.R.Crim.P. 790[.] On March 22, 2022, [the trial] court held a hearing [on Appellant's] expungement petition. [The trial court found the issues presented in Appellant's expungement petition had been raised previously or could have been raised previously by Appellant in his first expungement petition.] On May 18, 2022, [the trial] court entered an order denying [Appellant's]…expungement petition. [The trial] court concluded the doctrines of *res judicata*, collateral estoppel, and law of the case barred the re-litigation of the expungement matter. [The trial] court further concluded that [Appellant's] claims did not warrant a grant of expungement pursuant to 18 Pa.C.S.A. § 9122(a) or (b). On June 8, 2022, [Appellant] filed a notice of appeal from [the trial] court's denial of his…expungement petition. On November 17, 2022, [Appellant] filed a praecipe to discontinue his appeal.

\* \* \*

On July 5, 2023, [Appellant] filed [an] application for relief *coram nobis*[.] On September 5, 2023, [Appellant] filed a memorandum of law in support of [his] application for relief *coram nobis*….[Therein, Appellant] raised the following issues: (1) whether the [trial court] had subject matter jurisdiction and personal jurisdiction over [Appellant], (2) whether [Appellant's] plea of guilty was a valid guilty plea, and (3) whether [Appellant] is entitled to *coram nobis* relief.

On October 3, 2023, [the trial] court entered an order denying [Appellant's] application for relief *coram nobis*. On October 11, 2023, [Appellant] filed a notice of appeal from [the trial] court's denial of his [application for relief] *coram nobis*….[On appeal, this Court held Appellant's application for relief *coram nobis* should be treated under the auspices of the PCRA. Noting that Appellant is no longer serving his sentence, this Court held Appellant was not eligible for relief under the PCRA. Accordingly, on July 26, 2024, this Court affirmed the trial court's October 3, 2023, order.]

\*\*\*

On August 8, 2024, [Appellant] filed [another] *pro se* petition for expungement[.] [Therein, he sought expungement of his criminal history record, including his robbery conviction and all "other charges" withdrawn or *nolle prossed* by the Commonwealth.] On January 22, 2024, [the trial] court held a hearing on [Appellant's]…expungement petition. [The trial] court found [the] issues raised in [Appellant's]…expungement petition were [] previously raised or could [] have been previously raised by [Appellant] in his first expungement petition and [subsequent] expungement petition[s]. On January 31, 2025, [the trial] court entered an order denying [Appellant's]…expungement petition. On February 19, 2025, [Appellant] filed a [*pro se*] notice of appeal [to] this Court [from the trial court's] denial of his…expungement petition.

Trial Court Opinion, filed 4/22/25, at 1-6 (footnotes omitted) (underline and some capitalization omitted) (footnotes added).

On March 5, 2025, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal,[3] and on March 10, 2025, Appellant filed a *pro se* Rule 1925(b) statement. The trial court filed a responsive Rule 1925(a) opinion on April 22, 2025.

_____

[3] We note the trial court's order complies in all respects with Pa.R.A.P. 1925(b)(3).

- 4 -

On appeal, Appellant presents the following issues in his "Statement of the Questions Involved" (verbatim):

1. Whether or not the trial court committed an error of law and/or abused [its] discretion when it denied the appellant expungement of his criminal history record information pursuant to 18 Pa.C.S.A. [§] 9122(a)(2) without proving its burden of why such records should [be] maintained as stated in **Commonwealth v. Wexler**, [431 A.2d 877] (Pa. 1981)?

2. Whether or not the trial court committed an error of law and/or abused [its] discretion when it denied the appellant expungement of his criminal history record information pursuant to 18 Pa.C.S.A. [§] 9122(a)(2) because the trial court lacked subject matter jurisdiction over the appellant in this matter as stated in **Commonwealth v. Little**, [314 A.2d 270] (Pa. 1974)?

3. Whether or not the trial court committed an error of law and/or abused [its] discretion when it denied the appellant expungement of his criminal history record information pursuant to 18 Pa.C.S.A. [§] 9122(a)(2) because the appellant would prevail on a motion to withdraw his guilty plea due to manifest injustice?

4. Whether or not the appellant is entitled to an order invalidating his guilty plea and conviction because the trial court record proves that no true Commonwealth attorney signed the amended information, which the Commonwealth uses to convict the appellant?

Appellant's *Pro Se* Brief at 3-4.

Initially, we note that, while Appellant filed a timely *pro se* Concise Statement pursuant to Pa.R.A.P. 1925(b), Appellant failed to include therein his fourth issue stated *supra*. It is axiomatic that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1924(b)(4). **See Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998) (stating that failure to raise issue in Rule

- 5 -

1925(b) statement constitutes waiver on appeal). Accordingly, we find Appellant's fourth issue to be waived.

Turning to his remaining issues, Appellant contends the trial court erred in denying his petition seeking to expunge his criminal record. He contends that expungement is warranted for "non-conviction data." Appellant's *Pro Se* Brief at 10. In this vein, he claims that, in addition to his robbery conviction to which he pled guilty, he was arrested on various other charges, which the Commonwealth withdrew or dismissed in this case. Thus, Appellant asserts the trial court should have granted his petition to expunge his arrest record for these other charges since (1) the Commonwealth failed to prove why his arrest record should be maintained, (2) the court lacked subject matter jurisdiction over Appellant, and (3) Appellant would prevail on a motion to withdraw his guilty plea due to manifest injustice. Before addressing his claims, a review of our standard of review and this Commonwealth's relevant law on expungement is necessary for evaluating the issues before us.

"The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion." ***Commonwealth v. Waughtel***, 999 A.2d 623, 624-25 (Pa.Super. 2010) (citation omitted).

When considering an expungement petition in the first instance, the appropriate legal standard is controlled by the manner of disposition of the charges at issue:

> Our Supreme Court has explained that "[j]udicial analysis and evaluation of a petition to expunge depends upon the manner of disposition of the charges against the petitioner." **Commonwealth v. Moto**, [ ] 23 A.3d 989, 993 ([Pa.] 2011). "When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted only under very limited circumstances that are set forth by statute." **Id.** (citing 18 Pa.C.S.A. § 9122; **Hunt v. Pennsylvania State Police**, [ ] 983 A.2d 627, 633 ([Pa.] 2009)). When the defendant has been tried and acquitted of the offenses charged, he is "automatically entitled to the expungement of his arrest record." **Id.** (citing **Commonwealth v. D.M.**, [ ] 695 A.2d 770, 772-73 ([Pa.] 1997)). Finally, when the Commonwealth withdraws the charges against the defendant prior to trial, [...] the court must apply the standards articulated in **Commonwealth v. Wexler**, [ ] 431 A.2d 877, 879 ([Pa.] 1981), to the expungement petition. **Id.**

**Commonwealth v. Adams**, 317 A.3d 639, 643-44 (Pa.Super. 2024).

Where entire cases are *nolle prossed* or withdrawn, as occurred in **Adams**, **supra**, we apply the balancing test addressed in **Wexler** which includes the following non-exhaustive list of factors that we should consider:

> [(1)] the strength of the Commonwealth's case against the petitioner [; (2)] the reasons the Commonwealth gives for wishing to retain the records[; (3)] the petitioner's age, criminal record, and employment history[; (4)] the length of time that has elapsed between the arrest and the petition to expunge[; and (5)] the specific adverse consequences the petitioner may endure should expunction be denied.

**Wexler**, 431 A.2d at 879 (quotation and quotation marks omitted).

In the case *sub judice*, Appellant asserts he is entitled to expungement of his criminal record related to the numerous charges, which the Commonwealth withdrew or dismissed in the underlying matter. Specifically, he contends expungement is required upon application of the standards articulated in **Wexler**, **supra**. Appellant is incorrect.

Recently, this Court held as follows:

> The **Wexler** test…is not applied in the situation where the charges at issue in an expungement petition were *nolle prossed* or withdrawn as part of a plea agreement:
>
>> When the defendant pleads guilty and the Commonwealth agrees to dismiss charges as part of the plea agreement, a defendant is normally not entitled to expungement of the dropped charges under the **Wexler** factors. [**See**] **Commonwealth v. Lutz**, 788 A.2d 993 (Pa.Super. 2001). In such a scenario, the Commonwealth dismisses charges in connection with a plea arrangement and, accordingly, there is no implicit or express admission that it lacks evidence to convict a defendant of the crimes. The action of dropping the charges is viewed as a contractual arrangement negotiated as part of the plea bargain. **Id**. This situation is contrasted with that involved in the *nol pros* setting, where the Commonwealth concedes that there is insufficient evidence to support the dismissed charges. **Id**. Thus, if expungement were permitted as to charges withdrawn pursuant to a plea bargain rather than due to a lack of evidence, there would not be an accurate record of the agreement reached between the defendant and the Commonwealth. **Id**. Furthermore, "[i]n the absence of an agreement as to expungement, Appellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged." **Id.** at 1001.

*Commonwealth v. Phillips*, --- A.3d ---, 2025 WL 3161107, at *4 (Pa.Super. filed Nov. 12, 2025) (unpublished memorandum) (quotation omitted).[4] *See Lutz*, 788 A.2d at 1000 (trial court observation that, if a court were to expunge charges dismissed as part of a plea agreement, then the court would "leave no accurate record of the contractual relationship entered into by [the appellant] and the Commonwealth").

In the case *sub judice*, the record reveals that, as part of a negotiated guilty plea, Appellant pled guilty to robbery, and, in exchange, the Commonwealth withdrew or dismissed all remaining charges. *See* N.T., 8/20/18, at 3 (indicating Appellant's remaining charges were withdrawn as part of the plea agreement). *See Commonwealth v. Brown*, No. 2802 EDA 2018, at *1 (Pa.Super. filed May 9, 2019) (unpublished judgment order).[5] *See also* Trial Court Opinion, filed 4/22/25, at 1; Trial Court Opinion, filed 12/11/23, at 1; Trial Court Opinion, filed 3/28/23, at 1; Trial Court Opinion,

---

[4] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in *Phillips*, *supra*, and cite it for its persuasive value in this matter.

[5] In addressing Appellant's appeal from the August 29, 2018, order, which denied his expungement petition filed on June 4, 2018, this Court specifically acknowledged: "The record reflects that Appellant pled guilty to robbery on December 1, 2003. Other charges were *nolle prossed* in accord with the parties' negotiated guilty plea." *Brown*, No. 2802 EDA 2018, at *1.

filed 5/16/22, at 1; Trial Court Opinion, filed 11/14/19, at 1 n.2; Trial Court

Opinion, filed 10/23/18, at 1.[6]

Accordingly, we conclude **Lutz** applies and is controlling. Appellant did

not seek expungement of charges that were *nolle prossed* due to lack of

evidence or for which he was acquitted. **See Wexler**, **supra**. Instead, the

Commonwealth dismissed the remaining charges against Appellant as part of

the negotiated plea agreement.  Appellant has not alleged the plea agreement

addressed or provided for expungement. Under these circumstances,

Appellant is not entitled to expungement of his arrest record regarding these

---

[6] We note that Appellant's *pro se* brief is not a model of clarity. To the extent Appellant claims the other charges were not *nolle prossed* as part of his guilty plea agreement, we note the transcript of Appellant's guilty plea hearing has not been included in the certified record. However, the written plea colloquy, the sentencing guideline form, and the sentencing order indicate Appellant entered into a negotiated guilty plea for robbery with the Commonwealth withdrawing/dismissing the remaining charges at the same time.  Moreover, the trial court and this Court have previously found on several occasions that the other charges were withdrawn or *nolle prossed* as part of Appellant's guilty plea agreement. **See McNeil v. Owens–Corning Fiberglas Corp.**, 680 A.2d 1145, 1147–48 (Pa. 1996) (discussing the concepts of law of the case doctrine, *res judicata*, and collateral estoppel).
   Moreover, to the extent Appellant is seeking to expunge his record as it pertains to his robbery conviction, we agree with the trial court that this issue has been litigated and rejected several times. In any event, Appellant has not explained how he is eligible for expungement of his robbery conviction under the limited factors set forth in 18 Pa.C.S.A. § 9122. While Appellant references Section 9122's provision that "a criminal history record information may be expunged when:…(1) [a]n individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision," we note Appellant was born in 1984. Thus, Appellant has not attained the age of 70.

charges.  ***See Lutz***, 788 A.2d at 999-1000.  Accordingly, the trial court did not abuse its discretion in denying Appellant's petition for expungement.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/16/2025</u>